MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2021 ME 51
Docket:       Cum-20-281
Argued:       July 13, 2021
Decided:      October 28, 2021

Panel:        MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

CHRISTOPHER TOTO

v.

RAELYN KNOWLES

HUMPHREY, J.

[¶1]  Christopher Toto appeals from a summary judgment entered by the Superior Court (Cumberland County, *Kennedy, J.*) in favor of Raelyn Knowles on Toto's complaint alleging that he was injured as a result of Knowles's negligent operation of a motor vehicle.  Because we conclude that the summary judgment record establishes a genuine issue of material fact regarding whether Knowles's negligence caused Toto to suffer injuries, we vacate the summary judgment and remand for further proceedings.

## I.  BACKGROUND

[¶2]   The following facts are drawn from the parties' supported statements of material facts, viewed in the light most favorable to Toto as the nonprevailing party.  *See Kurtz & Perry, P.A. v. Emerson,* 2010 ME 107, ¶ 15,

8 A.3d 677. While stopped in traffic behind a minivan, Toto's vehicle was struck from behind by another vehicle, causing Toto's vehicle to collide with the minivan. After the collision, Toto complained of a loss of consciousness and extreme pain on the top of his head, and he was transported to a hospital for evaluation. After the accident, he suffered headaches, balance issues, and impaired vision, none of which he suffered before the accident.

[¶3] On August 6, 2018, Toto filed a timely complaint for negligence against Knowles, alleging that Knowles was the operator of the vehicle that struck Toto's vehicle from behind. On December 13, 2019, Knowles moved in limine to exclude testimony from an expert designated by Toto—an optometrist who would testify that the accident was the cause of "visual injuries" suffered by Toto. Knowles argued that the optometrist's deposition testimony revealed that he was not qualified to opine that the accident had caused Toto to suffer what the optometrist called a "visual midline shift." Knowles further argued that "visual midline shift" is not a recognized diagnosis in the medical community.

[¶4] Anticipating that the court would grant her motion in limine and exclude the optometrist's testimony, Knowles moved for summary judgment in January 2020. In her motion, Knowles argued that without expert testimony

regarding complex medical facts, Toto could not prove that the collision caused Toto to suffer a "visual midline shift."

[¶5]  Toto admitted Knowles's assertion in her statement of material facts that his "'visual injuries' and the purportedly related symptoms" were his only claimed injuries.  However, he elaborated on his injuries in both his opposing statement of material facts and his statement of additional facts, with referenced evidentiary support from his deposition.  Specifically, he asserted that in addition to impaired vision, he suffered from lost consciousness immediately after the accident, headaches, and balance issues.  Knowles admitted Toto's additional assertions of fact without qualification.

[¶6]  In March 2020, the court granted Knowles's motion in limine to exclude the optometrist's anticipated expert testimony, determining that the optometrist was not qualified to opine on the cause of a "visual midline shift." *See* M.R. Evid. 702.  The court denied the motion as to the optometrist's fact testimony.[1]  The court simultaneously denied Knowles's motion for summary judgment, concluding that Toto had presented sufficient evidence that

---

[1]  To the extent that Toto challenged the ruling on the motion in limine in his brief, he clarified at oral argument that he does not appeal from that ruling, and we do not discuss the issue further.

4

Knowles's negligent operation of her vehicle caused him to suffer injuries for his claim to survive the motion for summary judgment.

[¶7] Knowles moved for reconsideration of the court's order denying her motion for summary judgment, reiterating her argument that the determination that Toto suffered a "visual midline shift" was based on complex medical facts that require expert testimony and that, without it, Toto's only remaining evidence of proximate causation was an insufficient assertion that Toto realized symptoms after the accident. On October 7, 2020, the court entered a judgment granting Knowles's motion for reconsideration and entering a summary judgment in her favor. The court concluded that "visual midline shift" was the sole injury asserted by Toto and that, without expert testimony, Toto could not establish proximate causation. Toto timely appealed. *See* 14 M.R.S. § 1851 (2021); M.R. App. P. 2B(c)(1).

## II. DISCUSSION

[¶8] We review the entry of a summary judgment de novo, "considering the evidence in the light most favorable to the nonprevailing party to determine whether the parties' statements of material facts and the record evidence to which the statements refer demonstrate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."

*Kurtz & Perry,* 2010 ME 107, ¶ 15, 8 A.3d 677 (quotation marks omitted). "A material fact is one that can affect the outcome of the case, and there is a 'genuine issue' when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *Stewart-Dore v. Webber Hosp. Ass'n*, 2011 ME 26, ¶ 8, 13 A.3d 773.

[¶9] "A cause of action for negligence has four elements: (1) a duty of care owed to the plaintiff; (2) a breach of that duty; (3) an injury; and (4) causation, that is, a finding that the breach of the duty of care was a cause of the injury." *Est. of Smith v. Cumberland Cnty.*, 2013 ME 13, ¶ 16, 60 A.3d 759. "When the defendant is the moving party, [s]he must establish that there is no genuine dispute of fact and that the undisputed facts would entitle h[er] to judgment as a matter of law." *Est. of Cabatit v. Canders*, 2014 ME 133, ¶ 8, 105 A.3d 439. "It then becomes the plaintiff's burden to make out the prima facie case and demonstrate that there are disputed facts." *Id.*

[¶10] At issue here is whether the accident proximately caused Toto's injuries. "Proximate cause is an action occurring in a natural and continuous sequence, uninterrupted by an intervening cause, that produces an injury that would not have occurred but for the action." *Cyr v. Adamar Assocs. Ltd. P'ship*, 2000 ME 110, ¶ 6, 752 A.2d 603. A fact finder may draw reasonable inferences

in determining issues of causation. *See, e.g.*, *Marcoux v. Parker Hannifin/Nichols Portland Div.*, 2005 ME 107, ¶ 26, 881 A.2d 1138 (holding that a fact finder may infer causation without speculation from supported assertions that the plaintiff fell after she made physical contact with a stain on the floor).

[¶11]  Although causation in a vehicle accident case is usually a matter to be resolved by the fact finder, summary judgment may be appropriate if the record is completely devoid of evidence supporting causation. *Est. of Smith*, 2013 ME 13, ¶ 18, 60 A.3d 759.  Evidence "submitted in opposition to summary judgment[] need not be persuasive at that stage," but it "must be sufficient to allow a fact-finder to make a factual determination without speculating." *Id.* ¶ 19.

[¶12]  The amount or type of evidence required to prove causation may turn on the complexity of the facts. *See Tolliver v. Dep't of Transp.*, 2008 ME 83, ¶ 42, 948 A.2d 1223 ("Our precedents also indicate that in cases involving complex facts beyond the ken of the average juror, . . . more substantial evidence of proximate cause may be required.").  Although expert testimony may be required if a party is asserting complex medical facts to establish causation, *see Merriam v. Wanger*, 2000 ME 159, ¶¶ 11-18, 757 A.2d 778, expert testimony is not required if "the negligence and harmful results are sufficiently obvious as

to lie within common knowledge," *Patten v. Milam*, 480 A.2d 774, 778 (Me. 1984) (quotation marks omitted).

[¶13]   Thus, "[w]here a plaintiff emerges from a sudden rear-end automobile accident with a hurt neck, it is permissible for the jury to infer that the injury was caused by defendant's negligent driving where there was no evidence of a pre-existing neck injury."  1 Dan B. Dobbs et al., *The Law of Torts* § 191 at 639 (2d ed. 2011); *see, e.g.*, *Foddrill v. Crane*, 894 N.E.2d 1070, 1074, 1078 (Ind. Ct. App. 2008) (finding the causal connection between a rear-end collision and neck pain, headaches, and other injuries was "not so complex that a layperson would be unable to comprehend it without expert testimony" when there was no evidence that plaintiff suffered from prior neck injuries, the collision was forceful enough that plaintiff hit her head on the roof of her vehicle, and plaintiff immediately afterward felt pain in her neck).

[¶14] Construing the supported statements of material facts in the light most favorable to Toto, as we must, *see MSR Recycling, LLC v. Weeks & Hutchins, LLC*, 2019 ME 125, ¶ 6, 214 A.3d 1, we conclude that there is a genuine issue of material fact as to whether the accident caused Toto some injury.[2]  Although

---

[2]  We acknowledge that in Toto's statements of material facts, he both (1) admitted that "[t]he 'visual injuries' and the purportedly related symptoms [we]re the only injuries" he was claiming that the accident caused and (2) asserted that he suffered loss of consciousness, headaches, and balance problems separate from his vision issues.  To the extent that Toto contradicted himself in his

Toto did not offer admissible evidence that the accident proximately caused a "visual midline shift," *see Merriam*, 2000 ME 159, ¶¶ 11-18, 757 A.2d 778, he did assert and offer evidence of facts sufficient to generate a genuine issue of material fact as to whether the accident caused him harm. Using common knowledge and drawing reasonable inferences, a fact finder could determine that the accident caused some injury to Toto. *See Curtis v. Porter*, 2001 ME 158, ¶ 9, 784 A.2d 18; *Foddrill*, 894 N.E.2d at 1074, 1078.

[¶15] Because Knowles's motion for summary judgment must therefore be denied, "facts admitted by the parties solely for the purpose of the summary judgment motion shall have no preclusive effect at trial." *See also CitiMortgage, Inc. v. Chartier*, 2015 ME 17, ¶ 10 n.6, 111 A.3d 39 (stating that the purpose of Rule 56(d) is "'to make it unnecessary to controvert facts for purposes of summary judgment solely because of concern about the possible preclusive effect of any admission of fact at trial or in other subsequent proceedings'" (quoting M.R. Civ. P. 56 Advisory Note – November 2011)). As the Advisory Note to the November 2011 amendment to Rule 56 explains, "The amendment

---

deposition testimony or conveyed his understanding of the interrelatedness of his symptoms after his diagnosis and treatment, it is for a fact finder to weigh the evidence and determine whether to accept or reject Toto's testimony "in whole or in part." *Sulikowski v. Sulikowski*, 2019 ME 143, ¶ 10, 216 A.3d 893 (quotation marks omitted).

to Rule 56(d) establishes that a fact admitted or not opposed by any party solely for purposes of summary judgment is not deemed admitted for any other purpose if the motion for summary judgment is denied."

[¶16]  Thus, although Knowles may eventually attempt to impeach Toto's trial testimony with statements that Toto made during the deposition to which the parties referred in their statements of material facts, the denial of a motion for summary judgment will not preclude Toto from offering fact evidence about his post-accident symptoms at trial.  *See* M.R. Civ. P. 56(d).  The ruling on the motion in limine will, however, unless modified before trial, preclude Toto from offering expert testimony from the identified optometrist about the accident having caused Toto to suffer a "visual midline shift."  The trial court on remand may be called upon to address whether expert testimony is necessary to prove causation of any medically complex injuries through other experts, but such issues are not presently before us; we here decide only that there is a genuine issue of material fact on the element of causation.

[¶17]  In sum, the court erred in entering a summary judgment in Knowles's favor.  We vacate the summary judgment and remand the matter for further proceedings.

The entry is:

> Summary judgment vacated.  Remanded for further proceedings.

---

David Kreisler, Esq., and Gary Goldberg, Esq. (orally), Terry Garmey & Associates, Portland, for appellant Christopher Toto

L. John Topchik, Esq. (orally), Law Offices of John B. Schulte, Portland, for appellee Raeylyn Knowles

Cumberland County Superior Court docket number CV-2018-354
FOR CLERK REFERENCE ONLY