STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-2021-0004

DANIEL SABATTIS,
    Plaintiff

  v.

SJSA HOUSING, LLC,
    Defendant

**DECISION AND ORDER ON**
**MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

The matter before the court is the Defendant SJSA Housing's (SJSA) Motion for Summary Judgment in this slip and fall case. Plaintiff Daniel Sabattis opposes the motion.

Sabattis commenced this action on December 17, 2020, with the filing of a one-count complaint alleging negligence. Slightly more than a year later, on December 28, 2021, SJSA moved for summary judgment. Sabattis filed his opposition to the motion on February 28, 2022 and the summary judgment record was completed on April 14, 2022 with the filing of SJSA's reply memorandum and response.

## FACTS

The following facts are drawn from the parties' statements of material fact, viewed in the light most favorable to Sabattis as the nonmoving party. *Kurtz & Perry, P.A. v. Emerson*, 2010 ME 107, ¶ 15, 8 A.3d 677.

SJSA owns rental property at 44 Sheldon Street in Farmingdale and has done so since 2012. In August 2018, Sabattis entered into a residential lease agreement to rent apartment 3 at 44 Sheldon Street. It is undisputed that SJSA is responsible for

ice treatment and ice and snow removal at the property, and contracts with an independent vendor to perform that service. SJSA has made salt and sand buckets available to all its tenants at the property.

On November 30, 2019, at approximately 6:00 p.m., Sabattis was returning to his apartment after walking a dog, when he cut across the lawn in front of the building. Tenants were permitted to walk across the lawn. There was no inclement weather that day and there was no snow on the ground at the time of the fall. As Sabattis came to the end of the lawn, he stepped on a small patch of ice on the pavement adjacent to the lawn and fell, breaking his ankle. Sabattis recalls that when he fell, his left foot slipped on the ice while his right foot was still on the lawn.

At the time SJSA purchased the property at 44 Sheldon Street, a sump pump had been installed in the basement of the building. The sump pump was connected to a PVC pipe that exits the basement through the foundation of the building. The PVC pipe extends across the front lawn of the building. The sump pump was replaced in January 2019. The owner and property manager of SJSA were aware of the sump pump in the basement and could see the PVC pipe running across the lawn but did not further investigate either the pump or the pipe.

Prior to his fall, Sabattis was unaware that water would discharge from the pipe, was not aware that water would pool in the driveway and freeze and did not complain to anyone about water coming from the pipe. The property manager never saw water being discharged from the PVC pipe, and it was never brought to her attention that water discharged from the pipe.

Sabattis recalled that when he fell, he was close to the lawn and he was able to identify the location of the patch of ice on the pavement "exactly," by reference to a photograph of the location taken by his mother, Tara, on December 2, 2019. Sabattis

2

further testified that the patch or "puddle" of ice where he fell corresponded directly with the pipe that was coming out of the lawn, and the patch of ice where he fell was "right next to the lawn"

## LEGAL STANDARD

Summary judgment is appropriate if, based on the parties' statements of material fact and the cited record, there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. M.R. Civ. P. 56(c); *Levine v. R.B.K. Caly Corp.,* 2001 ME 77, ¶ 4, 770 A.2d 653. It follows that to survive a moving party's motion for summary judgment, the non-moving party must establish a prima facie case for each of their claims and set forth specific facts showing there is a genuine issue of material fact. *Key Trust Co. of Maine v. Nasson College,* 1997 ME 145, ¶ 10, 697 A.2d 408; *see also* M.R. Civ. P. 56(e). As the Law Court has recently stated: when a defendant moves for summary judgment, the defendant has the burden of demonstrating "that there is no genuine issue of material fact and that the undisputed facts" entitle the defendant to judgment as a matter of law. *Toto v. Knowles,* 2021 ME 51, ¶ 9. It then becomes the plaintiff's responsibility to make out a prima facie case and show that there are disputed facts. *Id.* A fact is material if it has the potential to affect the outcome of the suit. *Id.* To be considered "genuine," there must be sufficient evidence offered to raise a factual contest requiring a fact finder to choose between competing versions of the truth. *Rainey v. Langden,* 2010 ME 56, ¶ 23, 998 A.2d 342; *Burdzel v. Sobus,* 2000 ME 84, ¶ 6, 750 A.2d 573. Further, this showing "requires more than effusive rhetoric and optimistic surmise." *Hennessy v. City of Melrose,* 194 F.3d 237, 251 (1st Cir. 1999). The Court must ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Carroll v. Xerox Corp.,* 294 F.3d 231, 237 (1st Cir. 2002). "Evidence 'submitted in opposition to summary judgment[] need not be persuasive at that stage,' but it 'must

3

be sufficient to allow a fact-finder to make a factual determination without speculating.'" *Toto v. Knowles*, 2021 ME 51, ¶ 11, citing *and quoting Est. of Smith*, 2013 ME 13, ¶ 18, 60 A.3d 759.

"Landlord-tenant liability frequently involves an analysis of whether the tenant took possession of an area, and if so, whether the landlord retained some control over it." *Rodrigue v. Rodrigue*, 1997 ME 99, ¶ 11, 694 A.2d 924. "A landlord is generally not liable for a dangerous condition that comes into being after the lessee takes exclusive possession and control of the premises." *Stewart v. Aldrich*, 2002 ME 16, ¶ 10, 788 A.2d 603. This general rule, however, is subject to certain exceptions.[1] On the other hand, "[a] landlord also may be found liable in negligence for injuries caused by defective conditions in common areas of a rental building over which he is deemed to have control." *Nichols v. Marsden*, 483 A.2d 341, 343 (Me. 1984).

In this case, it appears undisputed that SJSA retained control over the area of the premises where Sabattis walked and subsequently fell on the paved driveway. Indeed, there is no dispute that SJSA was expressly responsibile for ice and snow treatment and removal. Since SJSA exercised control over the area of the premises where Sabattis fell, the elements that Sabattis must show by prima facia evidence are:

(i)     An unsafe or dangerous condition existed on the premises,

(ii)    SJSA knew or by the exercise of reasonable care should have known of the unsafe or dangerous condition,

(iii)   SJSA acted negligently to protect Sabattis against the dangerous or unsafe condition, and

---

[1] Those exceptions are when the landlord: (1) fails to disclose a latent defect which he knows or should have known existed, and which is not known, or discoverable with reasonable care, by the tenants; (2) gratuitously undertakes to make repairs and does so negligently, and; (3) expressly agrees to maintain the premises in good repair. *Stewart v. Aldrich*, 2007 ME 16, ¶ 10. *See also Boles v. White*, 2021 ME 49, ¶ 7, 260 A.3d 697.

4

(iv)    SJSA's negligence was the legal cause of Sabattis's injuries.

SJSA contends that it is entitled to summary judgment because Sabattis has not come forward with sufficient evidence to raise a genuine issue of material fact that it knew or should have known that the PVC discharge pipe posed an unsafe or dangerous condition, or that its negligence, if any, was causally connected to the injuries sustained by Sabattis.

In support of its request for summary judgment, SJSA points to several Law Court cases in which the Court upheld the grant of summary judgment in favor of the landlord or property owner. *See, e.g., Durham v. HTH Corp.,* 2005 ME 53, 870 A.2d 577 (customer tripped on stairs at defendant's restaurant – insufficient evidence that "metal strip" on stairs was unreasonably safe or that restaurant knew or should have known it was an unsafe condition); *Houde v. Millett,* 2001 ME 183, 787 A.2d 757 (tenant failed to present sufficient evidence that soot on kitchen floor, which she claimed to have cleaned up, caused her slip and fall); *Addy v. Jenkins,* 2009 ME 46, 969 A.2d 935 (worker fell at construction site – no evidence that fall was connected to alleged negligent act or omission of defendant). *But see* 2009 ME 46, ¶¶ 17-32 (Silver and Levy, JJ., dissenting). *See also Estate of Smith v. Salvesen,* 2016 ME 100, 143 A.3d 780 (fall down staircase which had code violations – insufficient evidence to infer any causal connection between code violations and fall).

For his part, Sabattis points to other cases involving claims of premises liability, in which the grant of summary judgment in favor of the defendant was vacated. *See, e.g., Marcoux v. Parker Hannifin/Nichols Portland Div.,* 2005 ME 107, ¶¶ 19-27, 881 A.2d 1138 (evidence was sufficient and not speculative that defendant was on notice of the hazard and that it was causally connected to injury); *Rodrigue v. Rodrigue,* 1997 ME 99, ¶¶ 14-15 (evidence of causation was sufficient where plaintiff testified she slipped on debris left on stairs); *Zawacki v. Foley,* 2015 U.S.Dist.LEXIS

5

104249 (D. Me.) (Nivison, M.J.) (evidence sufficient to raise issue of material fact as to whether defendant's failure to place guard or railing at top of stairs caused fall).

Whether a landlord knew, or with the exercise of reasonable care, should have known about an unsafe condition, and whether a defendant's alleged negligence was causally connected to the injuries sustained by the plaintiff, are generally questions of fact. *See Marcoux*, 2005 ME 107, ¶ 24; *Estate of Smith*, 2016 ME 100, ¶ 21. "Causation is . . . a question of fact, requiring proof that there is some reasonable causal connection demonstrated in the record between the act or omission of the defendant and the damage that the plaintiff has suffered." *Id.* It is not necessary that the plaintiff, as the non-moving party, present direct evidence of actual or constructive knowledge or causation. Rather, such evidence may be circumstantial and may arise from reasonable inferences, provided such inferences flow "logically from the facts and [are] not unduly speculative," conjectural or based on guesswork. *Estate of Smith*, 2016 ME 100, ¶¶ 21 & 25; *Rodrigue*, 1997 ME 99, ¶ 14. *See also Tolliver v. Dep't of Transp.*, 2008 ME 83, ¶ 42, 948 A.2d 1223.

In this case, based on the summary judgment record, the court is satisfied that Sabattis has produced sufficient prima facie evidence to generate a genuine issue of material fact that SJSA either knew or should have known that the PVC pipe connected to a sump pump in the basement, may have been discharging water onto the lawn, which seeped or drained onto the adjacent paved driveway and froze during cold weather.

The record shows that SJSA knew of the existence of the sump pump (it was replaced in January 2019), and the PVC pipe connected to it and that the pipe crossed the lawn. It is a question of fact for the jury whether SJSA knew or reasonably should have known that water would be pumped from the basement through the pipe and onto the lawn, which the tenants were allowed to walk on to get to the driveway.

6

Further, it is a question of fact for the jury whether SJSA should have reasonably known that water discharged onto the lawn would or might drain onto the driveway, with the potential that it would freeze in cold weather. The fact that SJSA had not received any prior complaints about water draining onto the driveway and freezing, is certainly relevant evidence for the jury to consider as to whether SJSA exercised due care under all the circumstances, but it does not, in the court's view, entitle SJSA to summary judgment. Rather, it highlights why there is a genuine issue of fact for the jury to resolve.

Likewise, the court concludes that Sabattis has generated an issue of fact on the element of causation. Sabattis has produced evidence from which a reasonable jury could find that he walked across the lawn, stepped on a patch of ice on the driveway immediately adjacent to the lawn, and lost his footing, causing him to fall. A rational factfinder could also infer that the patch of ice on the driveway came from water that had been pumped from the basement through the pipe and onto the lawn, from whence it drained onto the driveway and, at some point, froze.

Given the summary judgment record, the court does not believe that those inferences, if drawn by a jury, would be speculative, conjectural, or based on guesswork. Sabattis was able to describe where he walked, how he slipped and where the patch of ice was located, particularly in relation to the placement of the PVC pipe on the lawn. In short, the court concludes that there are factual disputes that must be decided by the jury, not by the court on summary judgment.

## CONCLUSION

The entry is:

The Defendant's Motion for Summary Judgment is DENIED.

The clerk is directed to incorporate these orders into the civil docket of this case by notation reference in accordance with M.R.Civ.P. 79(a).

DATED: May 23, 2022

William R. Stokes
Justice, Maine Superior Court

Entered on the docket 5/24/2022

8