**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3499SI

_____

| | | |
|---|---|---|
| Raymond W. Aswegan, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Captain Bruhl; Lieutenant | * | Appeal from the United States |
| Birdsell; C/O Gary Rea; C/O | * | District Court for the |
| Roush; Lieutenant Bowden; Roger | * | Southern District of Iowa. |
| Lawson; Charles Harper; | * | |
| | * | |
| Defendants, | * | |
| | * | |
| John Emmett, | * | |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: February 12, 1997

Filed: May 2, 1997

_____

Before FAGG, HEANEY, and JOHN R. GIBSON, Circuit Judges.

_____

FAGG, Circuit Judge.

Raymond W. Aswegan, a life sentence inmate at the Iowa State Penitentiary (ISP), brought this lawsuit contending his prison infirmary cell lacks cable television reception in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101-12213 (1994). The district court ruled in Aswegan's favor and ordered John Emmett, the ISP security director, to install a cable television outlet in Aswegan's cell. Emmett appeals, and we reverse.

Although general population inmates are permitted to purchase television sets that can be connected to the cable television outlets in their cells, infirmary inmates who own televisions lack this amenity because the infirmary cells were designed without cable television hookups. Instead, infirmary inmates entertain themselves by watching television in the infirmary's community room where two cable-equipped televisions (with ample headphones) are available on a daily basis. As we understand the situation, "[c]able service is necessary for adequate television reception at [the] ISP." More v. Farrier, 984 F.2d 269, 270 (8th Cir. 1993).

Under the ADA, no qualified individual with a disability can be denied "the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. Despite the fact that Aswegan is ambulatory and his cell is hardly fifty feet from the infirmary's communal television room, the district court decided Aswegan was a qualified disabled person who was denied the benefits of cable television because he routinely lost petty disputes about channel selections with the other infirmary inmates. Believing the ADA applies to the ISP and entitles Aswegan to have unlimited access to the television programs of his choice, the district court ordered the installation of a cable television outlet in Aswegan's cell.

Contrary to the district court's view, Aswegan has no viable claim for relief under section 12132 because the cable television sought by Aswegan is not a public service, program, or activity within the contemplation of the ADA. We thus reverse the district court's holding that Aswegan was entitled to access to cable television beyond that already provided in the infirmary's television room. Because the relief Aswegan seeks is not covered by section 12132, we need not decide, and the district court should

not have decided, whether correctional facilities are subject to the ADA.

We thus reverse the decision of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.