# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1599

_____

Darwin Ray Battle,

      Appellant,

    v.

Minnesota Department of
Corrections,

      Appellee,

Minncor Industry, Inc.; Sheryl Ramstad
Hvass; James Bruton, Sued as James H.
Bruton, Warden at Minnesota
Correctional Facility (OPH); Jim
Rarick, Director of Minncor Industry
at (MCF-OPH); Eileen Welsh,
Education Director at (MCF-OPH);
Joe Durocher, Case Manager in CX-2
(MCF-OPH); Kyle Maser-Crist, Case
Manager in CX-4 (MCF-OPH); Dick
Hagelberger, Lieutenant in CX-2
(MCF-OPH); Jessica Symmes,
Associate Warden of Operations at
MCF-OPH,

      Defendants.

\* Appeal from the United States
\* District Court for the
\* District of Minnesota.

\*    [UNPUBLISHED]

_____

Submitted: June 21, 2002
Filed: June 26, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.
_____

PER CURIAM.

Minnesota inmate Darwin Ray Battle appeals the District Court's[1] adverse grant of summary judgment in his disability-discrimination action brought under 42 U.S.C. § 1983. Having carefully reviewed the record, see Dulany v. Carnahan, 132 F.3d 1235, 1237 (8th Cir. 1997), we affirm.

Battle sued MINNCOR Industry, Inc., the Minnesota Department of Corrections, and various prison officials and employees, alleging that he had been denied a MINNCOR job assignment and participation in the prison educational program because he had a history of migraine headaches. He claimed violations of equal protection, due process, Titles I and II of the Americans with Disabilities Act (ADA), Title VII of the Civil Rights Act, the Rehabilitation Act (RA), and a Minnesota state statute.

Contrary to Battle's suggestion, the District Court did not abuse its discretion in concluding that his claims were ripe for summary judgment, see Dulany, 132 F.3d at 1238-39, and in determining that defendants' discovery responses were not materially deficient, see In re Mo. Dep't of Natural Res., 105 F.3d 434, 435 (8th Cir. 1997) ("The scope of our review of discovery orders is both narrow and deferential.").

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.

We agree with the District Court that Battle's disability-based discrimination claims were either not cognizable under § 1983 or fail on their merits. As to his ADA and RA claims, his sole recourse was under the ADA and RA themselves, see Grey v. Wilburn, 270 F.3d 607, 610-11 (8th Cir. 2001), he established no protected liberty or property interest upon which to base his due process claim, see Callender v. Sioux City Residential Treatment Facility, 88 F.3d 666, 668-69 (8th Cir. 1996), he had no independent constitutional right to be assigned a MINNCOR job or to the educational program, see Wishon v. Gammon, 978 F.2d 446, 450 (8th Cir. 1992), and he identified no similarly situated inmates who were assigned a MINNCOR job or allowed to participate in the educational program, see id. (equal protection analysis). To the extent he also intended to bring a Title VII claim for race discrimination, the District Court was correct in concluding that he is not an employee for purposes of Title VII. See Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991).

Battle's remaining claims under ADA Titles I and II and the RA were also properly dismissed because he failed to show that he was an employee for purposes of ADA Title I or that he was disabled as that term is defined under ADA Title II and the RA. See 42 U.S.C. § 12102(2) (1994); 29 U.S.C. § 705(9)(B) (Supp. V 1999); 28 C.F.R. §§ 35.104, 42.540 (2001); cf. McMaster v. Minnesota, 30 F.3d 976, 980 (8th Cir. 1994) ("[I]nmates . . . who are required to work as part of their sentences and perform labor within a correctional facility as part of a state-run prison industries program are not 'employees' . . . within the meaning of the Fair Labor Standards Act."), cert. denied, 513 U.S. 1157 (1995). Finally, we reject his vague assertion of bias, which appears to be based solely on the Magistrate Judge's recommendations as to the disposition of his case. Cf. Lefkowitz v. Citi-Equity Group, Inc., 146 F.3d 609, 611-12 (8th Cir. 1998), cert. denied, 525 U.S. 1154 (1999).

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.