STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, SS.                           CIVIL ACTION
                                        DOCKET NO. CV-18-0006


MICHAEL THOMPSON,
        Plaintiff

                                        **DECISION AND ORDER ON**
        v.                              **MOTION FOR SUMMARY JUDGMENT**

RANDALL LIBERTY, ET ALS.,
Commissioner of the Maine
Department of Corrections,
        Defendants[1]


## INTRODUCTION

Before the court is the Motion for Summary Judgment brought by all
Defendants except Defendant Joseph Chaplin. Throughout this Decision and Order
these Defendants will be referred to as the "Department" or "MDOC." The motion
seeks the entry of summary judgment on all counts of the Third Amended Complaint,
which is the operative complaint in this action.

---

[1] Former Commissioner Joseph Fitzpatrick was originally named as a Defendant.
Current Commissioner Randall Liberty has been substituted as a Defendant in
accordance with M.R.Civ.P. 25(d)(1). Similarly, former Maine State Prison Warden
Randall Liberty was originally named as a party Defendant in that capacity. Current
Warden Matthew Magnusson has been substituted for former Warden Liberty. The
remaining Defendants are: Deputy Wardens of the Maine State Prison Troy Ross,
Robert Walden and Michael Tausek; Director of Classifications Scott McCaffery;
Maine Department of Corrections; the Maine State Prison, and; former Corrections
Officer Joseph Chaplin. All of the Defendants, with the exception of Mr. Chaplin,
are represented by the Office of the Attorney General. Mr. Chaplin is represented by
private counsel. As the court reads the Third Amended Complaint, the Plaintiff has
brought his claims against the Defendants in their official capacities, except as to
Counts 4-7 which are brought against Defendant Chaplin in his individual capacity.

The summary judgment record, and the case file in general, is voluminous. This case has been aptly described as "sprawling." As an initial matter, the court is compelled to point out that the Plaintiff's adherence to and compliance with the requirements of M.R.Civ.P. 56, governing summary judgment practice, is deficient in many respects. For example, in instances too numerous to count, the Plaintiff has failed to present "a separate, short, and concise opposing statement." M.R.Civ.P. 56(h)(2). He routinely offers no, or inadequate record citations. He regularly adds factual assertions and arguments without record citations, even when he has admitted a statement of material fact made by the Department. He has commingled additional facts, usually without sufficient record citation, in his opposing statement. Facts contained in a supporting statement of material facts are deemed admitted "unless properly controverted." M.R.Civ.P. 56(h)(4). Moreover, the court may disregard any statement of fact not properly supported by a specific record citation.

The court has reviewed the entire summary judgment record and finds that the Plaintiff's opposition to the Department's motion for summary judgment is replete with failures to comply with Rule 56.[2] Accordingly, the court will deem as admitted those statements of fact not properly controverted by the Plaintiff and will disregard statements made by the Plaintiff that have not been properly supported by specific record citations. *Handlin v. Broadreach Public Relations, LLL*, 2022 ME 2, ¶2, n.2.

---

[2] The Plaintiff has also filed what is characterized as an "Objection" to the court's consideration of certain affidavits submitted in support of the Department's motion for summary judgment. The "Objection" consists of 14 pages of argument as to why the court should not consider the affidavits in question. The Department describes the objection as a motion to strike, which is explicitly not permitted by M.R.Civ.P. 56 (i)(1). Having read the objection, it appears that most of it is based on the Plaintiff's dissatisfaction with the Department's compliance with discovery. The court concludes that the Plaintiff's objection is without merit and, therefore, denies it.

In his Third Amended Complaint, the Plaintiff, Michael Thompson, an inmate at MDOC's correctional facilities since 1998, has set out a total of seven (7) counts. In Count One, he asserts a cause of action of unlawful discrimination pursuant to 5 M.R.S. § 4592(1)(E) (Maine Human Rights Act) by alleging that he was denied, because of his disability of near blindness, "the services, programs or activities of a public entity," i.e., MDOC.

In Count Two, Thompson asserts a cause of action of unlawful employment discrimination pursuant to 5 M.R.S. § 4572(2) (Maine Human Rights Act) by alleging that he was denied employment as an inmate at one or more of MDOC's facilities because of his visual disability.

In Count Three, Thompson asserts a claim of retaliation pursuant to 5 M.R.S. § 4633 by alleging that he was transferred from the Maine State Prison (MSP) to the Maine Correctional Center (MCC) in November 2016 because he filed or was about to file a complaint with the Maine Human Rights Commission.

In Count Four, Thompson asserts a cause of action for the violation of his civil rights by Defendant Joseph Chaplin, a former MDOC employee, pursuant to 5 M.R.S. 4682 (Maine Civil Rights Act) and 42 U.S.C. § 1983, by alleging that Chaplin sexually harassed him and physically assaulted him, and he seeks damages against the MDOC Defendants "in their respective official capacities."

In Count Five, Thompson asserts a claim of sexual harassment as a form of employment discrimination under 5 M.R.S. § 4572 (Maine Human Rights Act) and seeks damages against the MDOC Defendants "in their respective official capacities."

In Count Six – Negligence,[3] Thompson asserts a cause of action for negligence against Defendant Chaplin "and the remaining Defendants" and is presumably brought pursuant to the Maine Torts Claim Act.

Finally, Count Seven of the Third Amended Complaint seeks injunctive relief.

## FACTS

The following material facts, which the court determines to be undisputed, are taken from the summary judgment record.

Thompson has been incarcerated at various MDOC facilities since 1998 and remains so at this time. He is visually impaired. On several occasions during his imprisonment Thompson has engaged in misconduct that resulted in disciplinary action against him. Moreover, at various points in his incarceration Thompson has sought a paying job at MSP and MCC, but his efforts to obtain such a paying prison job were adversely affected by his history of misconduct, the limited number of paying jobs available in the prison environment and his demand that he be paid at a rate of pay more than what other inmates earned in similar jobs. Thompson alleges that he was unlawfully denied employment while imprisoned because of his visual disability and that MDOC failed to make reasonable accommodations for him so that he could obtain a paying prison job.

In March 2019, Thompson was given a paid job at MCC in its recreation department. He held that job, and other paid jobs until November 2020 (except for a brief period when he was transferred to Mountain View Correctional Facility in July

_____

[3] The Third Amended Complaint is misnumbered, in that there are two causes of action labelled Count Six. One Count Six alleges Assault and appears to be brought solely against Defendant Chaplin "in his individual and official capacity." The other Count Six is labelled Negligence and purports to be brought against Chaplin and the "remaining Defendants."

2019), when he was discharged from a kitchen job for stealing sugar, an ingredient that can be used to make alcohol.

In December 2015, Thompson was part of a special class at MSP for inmates with disabilities who were preparing for the high school equivalency test (HiSET). He took a large-print version of a test designed to assess his reading and math skills and scored at an 11th grade level in reading and a 9th grade level in math. He applied for and was granted an accommodation to take a large-print version of the HiSET itself. Such an accommodation must be made to and approved by the private testing company that administers the HiSET, not by MDOC. In support of his application, Thompson submitted his personal statement and his doctor's note supporting his need for a large-print accommodation.

Notwithstanding that accommodation, Thompson wanted to have a "reader" – someone who would read the test questions to him. Thompson's teacher at MSP called the testing company and inquired whether he (Thompson) could be approved for a "reader," and was told that, based on the medical information submitted by Thompson, his vision impairment was too mild to merit a "reader" as an accommodation. Thompson demanded to speak to the testing company himself, but never followed up on that request. Thompson eventually stopped attending the class, but later resumed his HiSET preparation and passed the examination in October 2019.

In September 2016, Thompson filed a grievance because MSP would not allow him to have a 19-inch television with a non-clear case. As a general policy, and for security reasons, inmates at MSP and MCC (the maximum and medium security prisons in the state) are permitted to have televisions with clear cases and have screens no larger than 15 inches. These requirements are for security reasons, as televisions are one of the largest items of property permitted to be possessed by inmates and the inside of the television can be used to house weapons, drugs, and other contraband.

MDOC officials determined that a 19-inch television would be a permissible accommodation to Thompson, provided one could be found with a clear case. The largest television available with a clear case was 15 inches. Accordingly, Thompson's grievance was denied. At some later point in time, Thompson was transferred to the minimum-security institution at Mountain View Correctional Facility, where he was allowed to have a 19-inch television in a non-clear case.[4]

On November 23, 2016, Thompson was transferred from MSP to MCC at the recommendation and on the advice of then Assistant Attorney General Diane Sleek. Ms. Sleek made the recommendation to transfer Thompson because she had recently learned that Thompson might be at risk of harm from another inmate (who had murdered another inmate at MSP), and who was still at MSP at the time. MDOC's Director of Classification agreed with Ms. Sleek's recommendation and Thompson was transferred to MCC. Ms. Sleek was not aware, nor were the senior officials at MSP aware, that Thompson had filed a complaint with the Maine Human Rights Commission.[5]

## LEGAL STANDARD

Summary judgment is appropriate if, based on the parties' statements of material fact and the cited record, there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. M.R. Civ. P. 56(c); *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653. It follows that to survive a

---

[4] Thompson moved for partial summary judgment as to Count One based on his claim that Mountain View's decision to allowed him to have a 19-inch television in a non-clear case was an admission that was binding on the Department and that entitled him to judgment on that portion of Count One. The court denied Thompson's request for partial summary judgment in an Order dated December 9, 2021.

[5] *See* ¶¶ 256, 263-265 MDOC's Statement of Material Facts. Thompson's denials do not comply with Rule 56 and the statements are deemed to be admitted because they have not been properly controverted.

moving party's motion for summary judgment, the non-moving party must establish a prima facie case for each of their claims and set forth specific facts showing there is a genuine issue of material fact. *Key Trust Co. of Maine v. Nasson College,* 1997 ME 145, ¶ 10, 697 A.2d 408; *see also* M.R. Civ. P. 56(e). As the Law Court has recently stated: when a defendant moves for summary judgment, the defendant has the burden of demonstrating "that there is no genuine issue of material fact and that the undisputed facts" entitle the defendant to judgment as a matter of law. *Toto v. Knowles,* 2021 ME 51, ¶ 9. It then becomes the plaintiff's responsibility to make out a prima facie case and show that there are disputed facts. *Id.* A fact is material if it has the potential to affect the outcome of the suit. *Id.* To be considered "genuine," there must be sufficient evidence offered to raise a factual contest requiring a fact finder to choose between competing versions of the truth. *Rainey v. Langden,* 2010 ME 56, ¶ 23, 998 A.2d 342; *Burdzel v. Sobus,* 2000 ME 84, ¶ 6, 750 A.2d 573. Further, this showing "requires more than effusive rhetoric and optimistic surmise." *Hennessy v. City of Melrose,* 194 F.3d 237, 251 (1st Cir. 1999). The Court must ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Carroll v. Xerox Corp.,* 294 F.3d 231, 237 (1st Cir. 2002).

## DISCUSSION

*Count One – Unlawful Discrimination*

Title 5 M.R.S. § 4592(1)(E) provides that unlawful discrimination includes the following:

> A qualified individual with a disability, by reason of that disability, being excluded from participation in or being denied the benefits of the services, programs or activities of a public entity, or being subjected to discrimination by any such entity.

Thompson claims that he was subjected to unlawful discrimination because (a) he was not permitted to have a 19-inch non-clear case television in his cell while he was

7

incarcerated at MSP and MCC, and (b) he was not permitted to have a "reader" to assist him in taking the HiSET while at MSP.

In *Scott v. Androscoggin County Jail*, 2004 ME 143, ¶ 19, 866 A.2d 88, the Law Court recognized that "[e]ducational, recreational, medical and other programs provided by a correctional facility are programs of a public entity." *Citing Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998) (state correctional facility is a public entity covered by Title II of the Americans with Disabilities Act – ADA).

Moreover, because the Maine Human Rights Act mirrors the language of similar provisions of the ADA, "it is appropriate to look to federal precedent for guidance in interpreting the MHRA." *Doyle v. Dep't of Human Servs.*, 2003 ME 61, ¶ 14 n.7, 824 A.2d 48, 52. Accordingly, Thompson must establish the following, in order to recover under the MHRA: (1) that he is a qualified individual with a disability, (2) that he was excluded from participating in or denied the benefits of the public entity's services, programs, or activities, or otherwise discriminated against, and (3) such exclusion, denial of benefits or discrimination was by reason of his disability. *Scott*, 2004 ME 143, ¶ 17. *See also Parker v. Universidad de Puerto Rico*, 225 F.3d 1, 5 (1st Cir. 2000). Public entities subject to Title II of the ADA are required to make "reasonable modifications" to their policies, practices, or procedures when necessary to avoid discrimination on the basis of disability.[6] *Kiman v. N.H. Dep't of Corr.*, 451 F.3d 274, 283 (1st Cir. 2006).

Finally, to be entitled to compensatory damages, Thompson must show "intentional discrimination," namely, either a "discriminatory animus" or "deliberate indifference." *Scott*, 2004 ME 143, ¶ 24. "Deliberate indifference" for purposes of

---

[6] The ADA uses the term "reasonable modification," rather than "reasonable accommodation." Nevertheless, it has been held that "these terms create identical standards." *McGary v. City of Portland*, 386 F.3d 1259, 1266 n. 3 (9th Cir. 2004).

Title II of the ADA (and the MHRA) is not the same standard that is used to evaluate claims alleging cruel and unusual punishment under the Eighth Amendment. Rather, in the context of the ADA and the MHRA, "deliberate indifference 'requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Scott*, 2004 ME 143, ¶ 25 *quoting Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001). Moreover, when a public entity receives a request for an accommodation/modification, it must "undertake a fact-specific investigation" to determine "what accommodations are necessary." *Id.*

Under the ADA (and the MHRA) modifications or accommodations must be "reasonable," and are not required if they would "fundamentally alter the nature of the service, program, or activity." *Kiman,* 451 F.3d at 283; *Kramer v. Conway*, 962 F.Supp. 2d 1333, 1353 (N.D. Ga., 2013). In assessing the reasonableness of any accommodation, the "totality of the circumstances" should be considered, including the "reasonable requirements of effective prison administration." *Gates v. Rowland* 39 F.3d 1439, 1446 (9th Cir. 1994). *See also Love v. Westville Corr. Ctr.,* 103 F. 3d 558, 561 (7th Cir. 1996) ("Security concerns, safety concerns, and administrative exigencies would all be important considerations to take into account."); *Kramer v. Conway*, 962 F.Supp. 2d at 1353 (possession of typewriter in prison cell would present safety and security concerns and impose an undue burden on jail personnel); *James v. Va. Dep't of Corr.,* 2018 U.S. Dist. LEXIS 51284, * 7 n. 4 (W.D. Va.).

Regarding the television set, the Department urges the court to follow the holding in *Aswegan v. Bruhl*, 113 F.3d 109, 114 (8th Cir.), *cert. denied sub nom., Aswegan v. Emmett*, 522 U.S. 956 (1997), in which the court stated, without further explanation, that the ". . . cable television sought by Aswegan is not a public service, program, or activity within the contemplation of the ADA." The holding in *Aswegan*, however, has been questioned and distinguished. *See Baker v. Tex. Dep't of Crim. Justice*, 2013 U.S. Dist. LEXIS 175084 (S.D. Tex.) *rejected and accepted in part*,

9

2013 U.S. Dist. LEXIS 175079 (court not convinced that "television viewing is not an activity covered by Title II . . . ."). *See also Rosales v. Lavalley*, 2014 U.S. Dist. LEXIS 32499 (N.D. N.Y.) (distinguishing *Aswegan*).

The court need not address the general question of whether television viewing, per se, is a service, program or activity within the scope of Title II of the ADA or the MHRA as applied to the prison setting, because the court finds that the Department is entitled to summary judgment on this claim on the basis that the undisputed material facts show, as a matter of law, that the Department's actions were a reasonable accommodation to Thompson. Specifically, MDOC officials agreed to grant Thompson a modification from the general policy that restricted televisions to 15 inches with a clear case. For Thompson, the accommodation was to allow him to have a 19-inch television, provided one could be found with a clear case. The Department's search for such a television was unsuccessful, and Thompson has produced no evidence to show that such a television was available. The Department engaged in a fact-specific investigation into Thompson's grievance and granted him a reasonable accommodation as required by law. Further, the Department's insistence that any 19-inch television obtained by or for Thompson have a clear case, was also reasonable as a matter of law. The safety and security concerns of a maximum and minimum-security prison must be considered in evaluating the reasonableness of the accommodation that is necessary. Here, it was eminently reasonable for the Department to refuse to allow a non-clear case television since such a piece of property can be, and has been, used to conceal weapons, drugs, or other contraband. Finally, the fact that Thompson was later allowed to possess a 19-inch television with a non-clear case when he was transferred to the minimum-security facility at Mountain View is not relevant to the decisions made by officials at MSP and MCC and does not negate the reasonableness of those decisions.

With respect to the claim that he was unlawfully discriminated against by not being permitted to have a "reader" for the HiSET, the undisputed material facts show that MSP officials made inquiry of the private company that offers and administers the test, and were told that, based on the information supplied by Thompson himself, his vision impairment was not severe enough to warrant a "reader." Although Thompson demanded to speak directly with the representative of the private testing company, he never took any follow-up action to do so. Finally, Thompson was granted a reasonable accommodation to take the HiSET, namely, the opportunity to take the test using a large-print version. The MDOC Defendants are entitled to summary judgment on this claim.

### Count Two – Unlawful Employment Discrimination

Title 5 M.R.S. § 4572(2) provides:

> A covered entity may not discriminate against a qualified individual with a disability because of the disability of the individual in regard to job application procedures, the hiring, advancement or discharge of employees, employee compensation, job training and other terms, conditions and privileges of employment. A qualified individual with a disability, by reason of that disability, may not be excluded from participation in or be denied the benefits of the services, programs or activities of a public covered entity, or be subjected to discrimination by any such covered entity relating to job application procedures, the hiring, advancement or discharge of employees, employee compensation, job training and other terms, conditions and privileges of employment.

Thompson's claim of unlawful employment discrimination under the Maine Human Rights Act fails because, as a prison inmate, he is not an employee. The federal analog to 5 M.R.S. § 4572(2) is Title I of the ADA. The court may look for guidance at federal precedent on the equivalent federal provisions to our state law. *See Jackson v. State*, 544 A.2d 291, 296 n. 6 (Me. 1988). The federal law appears clear that Title I of the ADA "does not apply to the employment of prisoners." *Starry*

*v. Oshkosh Corr. Inst.*, 731 Fed. Appx. 517, 519 (7th Cir. 2018). *See also Positano v. Commonwealth Dep't of Corr.*, 2018 U.S. Dist. LEXIS 83351 (M.D. Pa) ("prison inmates are not considered employees under Title I and are, thus, not entitled to that Title's protections"). *Accord White v. Colorado*, 82 F.3d 364, 367 (10th Cir. 1996) (". . . ADA does not apply to prison employment situations . . .."); *Battle v. Minn. Dep't of Corr.*, 40 Fed. Appx., 308, 310 (8th Cir. 2002) (prison inmate failed to show that he was an employee for purposes of Title I of the ADA).

These holdings are consistent with the language of Maine's Human Rights Act – 5 M.R.S. § 4572(2). For example, for purposes of the Fair Employment subchapter of the MHRA (subchapter 3), the term "covered entity means an employer, employment agency, labor organization or joint labor-management committee." 5 M.R.S. § 4553(1-B). Similarly, an "employee means an individual employed by an employer." 5 M.R.S. § 4553(3). Finally, an "employer includes any person in this State employing any number of employees . . . ." 5 M.R.S. § 4553(4).

The federal precedent under Title I of the ADA and the explicit language of the Maine Human Rights Act, leads the court to conclude that the unlawful employment discrimination provisions of 5 M.R.S. § 4572(2) do not apply in the context of prison jobs for incarcerated individuals.

Nevertheless, in his opposition to MDOC's motion for summary judgment, Thompson has suggested that Count Two is based on 5 M.R.S. § 4592(1)(E), relating to "programs, services or activities" of a public entity. As pointed out by the MDOC Defendants, however, this is not the legal theory advanced by Thompson in his Third Amended Complaint. Moreover, the argument that a prison job is a "program, service or activity" within the meaning of Title II of the ADA (or the MHRA) has been rejected. *See Neisler v. Tuckwell*, 807 F.3d 225, 227 (7th Cir. 2015) ("Title II of the ADA does not cover a prisoner's claim that he suffered workplace discrimination on the basis of a disability"). The majority view is that Title I of the ADA "is the

12

exclusive remedy under the Act for claims of disability discrimination in employment." *Id.* *See also Reyazuddin v. Montgomery Cnty.,* 789 F.3d 407, 420 (4th Cir. 2015 (collecting cases). *Compare Positano v. Commonwealth Dep't of Corr.,* 2018 U.S. Dist. LEXIS 83351, * 26 (M.D. Pa) (distinguishing *Neisler v. Tuckwell* on the ground that a prison canine obedience training program was a "vocational" program, not prison employment, and therefore was a "program" under Title II of the ADA).

For the foregoing reasons, the MDOC Defendants are entitled to summary judgment on Count Two of the Third Amended Complaint.

### Count Three – Retaliation

Title 5 M.R.S. § 4633(1) provides:

> A person may not discriminate against any individual because that individual has opposed any act or practice that is unlawful under this Act [MHRA] or because that individual made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this Act.

Thompson alleges that in September 2016 he was preparing and planning to file (and did file) a complaint with the Maine Human Rights Commission (Commission) regarding his inability to get a paying job at MSP and his alleged denial to meaningful access to the HiSET because of his visual impairment. In November 2016, Thompson was transferred from MSP to the medium-security facility at MCC. The transfer occurred approximately 6 days after then Assistant Attorney General Diane Sleek learned of information that created a significant risk of harm to Thompson from another inmate who was still at MSP. Thompson asserts that his transfer was in retaliation for filing his complaint with the Commission two months earlier.

The Law Court has held that in order to make out a retaliation claim under the MHRA, a plaintiff must show that he engaged in "protected activity", that he suffered "adverse action," and that "there was a causal link" between the two. *Doyle v. Dep't of Human Servs.*, 2003 ME 61, ¶ 20, 824 A.2d 48 *quoting Bard v. Bath Iron Works Corp.*, 590 A.2d 152, 154 (Me. 1991). If the adverse action occurs in "close proximity" to the protected activity, the burden shifts to the defendant "to produce some probative evidence to demonstrate a nondiscriminatory reason for the adverse . . . action." *DiCentes v. Michaud*, 1998 ME 227, ¶¶ 14-16, 719 A.2d 509, 514-15. Once such evidence of a nondiscriminatory reason for the action has been presented, the burden remains with the plaintiff to show that there was, "in fact," a causal connection between the protected activity and the adverse action. *Id.*

The court agrees with the MDOC Defendants that Thompson has produced no admissible evidence to show any causal connection between his filing of a complaint with the Commission and his transfer to MCC, even assuming that such a transfer should be considered an "adverse action," and further assuming that the 2-month period between the September 2016 submission of the complaint and the November 2016 transfer was in "close proximity." The MDOC Defendants have produced admissible evidence showing that the transfer was initiated by MDOC's legal counsel, who had unexpectantly learned that Thompson's safety might be in jeopardy. Thompson, for his part, has produced no admissible evidence to suggest that Ms. Sleek's concerns, and those of officials with MDOC and MSP, were pretextual. As a matter of law, Thompson has failed to show any causal connection between the filing of his complaint with the Commission and his transfer to MCC. Accordingly, the MDOC Defendants are entitled to summary judgment on Count Three of the Third Amended Complaint.

14

*Count Four – Denial of Civil Rights*

Thompson alleges that he was subjected to sexual harassment, invasion of privacy and assault, and thereby denied his rights as protected under both the United States and Maine Constitutions, because of conduct allegedly engaged in by Defendant Chaplin. Chaplin has been sued in his individual capacity, while the MDOC Defendants have been sued in their official capacities only. Count Four has been brought pursuant to 42 U.S.C. § 1983 and 5 M.R.S. 4682(1-A) (MCRA).

The Law Court has clearly held that "[a] state, including a state official in his or her official capacity, is not a person within the meaning of § 1983 or the MCRA . . . ." *Doe I v. Williams*, 2013 ME 24, ¶ 74, 61 A.3d 718. All the MDOC Defendants are either state agencies or state officials sued in their official capacities. Thus, Thompson's claim for monetary damages under § 1983 and the MCRA fails to state a claim and, as a matter of law, the MDOC Defendants are entitled to summary judgment on Count Four of the Third Amended Complaint.

*Count Five – Sexual Harassment in Employment*

Title 5 M.R.S. § 4572(1)(A) provides that it is unlawful employment discrimination "[f]or any employer to . . . discriminate with respect to . . . terms, conditions or privileges of employment or any other matter directly or indirectly related to employment . . . because of . . . [the employee's] . . . sex . . . ." *See Johnson v. York Hosp.*, 2019 ME 176, ¶ 17, 222 A.3d 624. In Count Five of his Third Amended Complaint Thompson asserts that Defendant Chaplin's alleged conduct of sexually harassing and assaulting him constituted discrimination in employment, since the actions of Chaplin are alleged to have occurred while Thompson held an unpaid job as a recreational worker at MSP.

Thompson's claim of sexual harassment in employment, however, fails for the same reason his claim of disability-based discrimination in employment fails under

15

Count Two, namely, he was not an employee. Summary judgment will be entered for the MDOC Defendants on Count Five of the Third Amended Complaint.

### Count Six – Negligence

Thompson alleges, in Count Six of his Third Amended Complaint, that the "negligence of Defendant . . . Chaplin and the remaining Defendants" caused him to suffer the "physical injury, mental and emotional distress" described in his complaint. Presumably, this count purports to be brought pursuant to the Maine Tort Claims Act. The undisputed material facts show, as a matter of law, that Thompson's negligence claim against the MDOC Defendants, as state agencies or state officials sued in their official capacities, does not fall within any exception to the State's immunity from tort liability. *See* 14 M.R.S. §§ 8103, 8104-A. Moreover, there is no genuine issue of material fact that Thompson failed to comply with the notice of claim requirements of 14 M.R.S. 8107. Summary judgment, therefore, must be granted to the MDOC Defendants on Count Six of the Third Amended Complaint.

### Count Seven – Injunctive Relief

The court agrees with the MDOC Defendants that Thompson's claim for injunctive relief is moot. Thompson's claim to a 19-inch television set with a non-clear case does not justify any injunctive relief because he is now housed in a minimum-security facility, which has provided him with such a television. Moreover, Thompson has passed the HiSET. At this point, any injunctive relief the court could grant would be advisory in nature and would have no meaningful effect. *See Ford v. Bender*, 768 F.3d 15, 29 (1st Cir. 2014).

## CONCLUSION

The entry is:

The Motion for Summary Judgment filed by the MDOC Defendants is GRANTED. Judgment is entered in favor of the MDOC Defendants and against the Plaintiff on all counts of the Third Amended Complaint.

The clerk is directed to incorporate these orders into the civil docket of this case by notation reference in accordance with M.R.Civ.P. 79(a).

DATED: January 20, 2022

William R. Stokes
Justice, Maine Superior Court

Entered on the docket 1/25/2022

MICHAEL THOMPSON  - PLAINTIFF
MAINE STATE PRISON 807 CUSHING ROAD
WARREN ME 04864
Attorney for: MICHAEL THOMPSON
VANESSA A BARTLETT  - RETAINED
LAW OFFICE OF VANESSA A BARTLETT
PO BOX 162
PORTLAND ME 04112-0162

Attorney for: MICHAEL THOMPSON
ANDREWS B CAMPBELL  - RETAINED
CAMPBELL LAW
PO BOX 119
BOWDOINHAM ME 04008


vs
JOSEPH FITZPATRICK  - DEFENDANT
807 CUSHING ROAD
WARREN ME 04864
Attorney for: JOSEPH FITZPATRICK
JASON THEOBALD  - WITHDRAWN 12/18/2018
CURTIS THAXTER LLC
PO BOX 7320
ONE CANAL PLAZA SUITE 1000
PORTLAND ME 04112-7320

Attorney for: JOSEPH FITZPATRICK
JAMES FORTIN  - WITHDRAWN 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: JOSEPH FITZPATRICK
JONATHAN R BOLTON  - RETAINED
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: JOSEPH FITZPATRICK
ALISA ROSS  - RETAINED 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

RANDALL LIBERTY  - DEFENDANT
807 CUSHING ROAD
WARREN ME 04864
Attorney for: RANDALL LIBERTY
JASON THEOBALD  - WITHDRAWN 12/18/2018
CURTIS THAXTER LLC
PO BOX 7320
ONE CANAL PLAZA SUITE 1000
PORTLAND ME 04112-7320

**DOCKET RECORD**

Attorney for: RANDALL LIBERTY
JAMES FORTIN  - WITHDRAWN 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: RANDALL LIBERTY
JONATHAN R BOLTON  - RETAINED
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: RANDALL LIBERTY
ALISA ROSS  - RETAINED 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

TROY ROSS  - DEFENDANT
807 CUSHING ROAD
WARREN ME 04864
Attorney for: TROY ROSS
JASON THEOBALD  - WITHDRAWN 12/18/2018
CURTIS THAXTER LLC
PO BOX 7320
ONE CANAL PLAZA SUITE 1000
PORTLAND ME 04112-7320

Attorney for: TROY ROSS
JAMES FORTIN  - WITHDRAWN 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: TROY ROSS
JONATHAN R BOLTON  - RETAINED
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: TROY ROSS
ALISA ROSS  - RETAINED 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

ROBERT WALDEN  - DEFENDANT
807 CUSHING ROAD
WARREN ME 04864

Attorney for: ROBERT WALDEN
JASON THEOBALD  - WITHDRAWN 12/18/2018
CURTIS THAXTER LLC
PO BOX 7320
ONE CANAL PLAZA SUITE 1000
PORTLAND ME 04112-7320

Attorney for: ROBERT WALDEN
JAMES FORTIN  - WITHDRAWN 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: ROBERT WALDEN
JONATHAN R BOLTON  - RETAINED
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: ROBERT WALDEN
ALISA ROSS  - RETAINED 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

ANTHONY CANTILLO (SUBSTITUTED)  - DEFENDANT
807 CUSHING ROAD
WARREN ME 04864
Attorney for: ANTHONY CANTILLO (SUBSTITUTED)
JASON THEOBALD  - WITHDRAWN 12/18/2018
CURTIS THAXTER LLC
PO BOX 7320
ONE CANAL PLAZA SUITE 1000
PORTLAND ME 04112-7320

Attorney for: ANTHONY CANTILLO (SUBSTITUTED)
JONATHAN R BOLTON  - RETAINED
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: ANTHONY CANTILLO (SUBSTITUTED)
JAMES FORTIN  - WITHDRAWN 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: ANTHONY CANTILLO (SUBSTITUTED)
ALISA ROSS  - RETAINED 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

DEPARTMENT OF CORRECTIONS - DEFENDANT
807 CUSHING ROAD
WARREN ME 04864
Attorney for: DEPARTMENT OF CORRECTIONS
JASON THEOBALD  - WITHDRAWN 12/18/2018
CURTIS THAXTER LLC
PO BOX 7320
ONE CANAL PLAZA SUITE 1000
PORTLAND ME 04112-7320

Attorney for: DEPARTMENT OF CORRECTIONS
JAMES FORTIN  - WITHDRAWN 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: DEPARTMENT OF CORRECTIONS
JONATHAN R BOLTON  - RETAINED
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: DEPARTMENT OF CORRECTIONS
ALISA ROSS  - RETAINED
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

MAINE STATE PRISON - DEFENDANT

Attorney for: MAINE STATE PRISON
JAMES FORTIN  - WITHDRAWN 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: MAINE STATE PRISON
JONATHAN R BOLTON  - RETAINED
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: MAINE STATE PRISON
ALISA ROSS  - RETAINED 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006


JOSEPH CHAPLIN  - DEFENDANT
100 REEF ROAD
WALDOBORO ME 04572
Attorney for: JOSEPH CHAPLIN
MARTIN RIDGE  - RETAINED
BEAGLE STEEVES & RIDGE LLC
10 MOULTON STREET
PORTLAND ME 04101


Attorney for: JOSEPH CHAPLIN
JONATHAN R BOLTON  - RETAINED
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006


BENJAMIN BEAL (SUBSTITUTED)  - DEFENDANT


Attorney for: BENJAMIN BEAL (SUBSTITUTED)
JONATHAN R BOLTON  - RETAINED 07/13/2020
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006


BENJAMIN BEAL (SUBSTITUTED)  - DEFENDANT


Attorney for: BENJAMIN BEAL (SUBSTITUTED)
JAMES FORTIN  - WITHDRAWN 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006


Attorney for: BENJAMIN BEAL (SUBSTITUTED)
JONATHAN R BOLTON  - RETAINED
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006


Attorney for: BENJAMIN BEAL (SUBSTITUTED)
ALISA ROSS  - RETAINED 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, SS.                           CIVIL ACTION
                                        DOCKET NO. CV-18-0006


MICHAEL THOMPSON,
        Plaintiff

                                        **DECISION AND ORDER ON**
        v.                              **PLAINTIFF'S PENDING MOTIONS**


RANDALL LIBERTY, ET ALS.,
Commissioner of the Maine
Department of Corrections,
        Defendants[1]


Before the court for resolution are two motions brought by the Plaintiff, Michael Thompson (Thompson), described as follows:

1. Motion for Partial Summary Judgment and for Temporary Restraining Order or Preliminary Injunction dated March 4, 2021;

2. Motion for Sanctions dated March 4, 2021.

---

[1] Former Commissioner Joseph Fitzpatrick was originally named as a Defendant. Current Commissioner Randall Liberty has been substituted as a Defendant in accordance with M.R.Civ.P. 25(d)(1). Similarly, former Maine State Prison Warden Randall Liberty was originally named as a party Defendant in that capacity. Current Warden Matthew Magnusson has been substituted for former Warden Liberty. The remaining Defendants are: Deputy Wardens of the Maine State Prison Troy Ross, Robert Walden and Michael Tausek; Director of Classifications Scott McCaffery; Maine Department of Corrections; the Maine State Prison, and; former Corrections Officer Joseph Chaplin. All of the Defendants, with the exception of Mr. Chaplin, are represented by the Office of the Attorney General. Mr. Chaplin is represented by private counsel. As the court reads the Third Amended Complaint, the Plaintiff has brought his claims against the Defendants in their official capacities, except as to Counts 4-7 which are brought against Defendant Chaplin in his individual capacity.

The motion for summary judgment applies only to Count One of the Third Amended Complaint, which alleges unlawful discrimination under the Maine Human Rights Act (5 M.R.S. §§ 4601 et seq.).

The essence of Thompson's argument in support of his motion for summary judgment as to Count One, as far as the court can understand it, is that after he was transferred to Mountain View Correctional Facility in Charleston in July 2019, he was allowed to possess a 19-inch television as an accommodation for his poor vision, something he was not allowed to have while he was incarcerated at the Maine State Prison and the Maine Correctional Center.

Thompson appears to be arguing that the decision of the Warden of Mountain View to allow him to possess a 19-inch TV, constitutes a binding admission on the Defendants that "he has suffered unlawful discrimination," such that he is entitled to summary judgment on Count One, with damages to be decided later. In short, Thompson appears to be suggesting that Mountain View's decision to accommodate his request for a 19-inch TV, when MSP and MCC had failed or refuse to make a similar accommodation for him, means that there is no longer any genuine issue of material fact on the issue that the Defendants unlawfully discriminated against him.

The court disagrees. The fact that a minimum-security institution such as Mountain View chose to make the accommodations to Mr. Thompson, does not entitle him to summary judgment against the Defendants in this case, which involves allegations and claims that arose prior to his arrival at Mountain View while he was in custody at different correctional institutions with different security needs. Stated otherwise, what happened after Thompson was transferred to Mountain View does not establish that there are no genuine issues of material fact as to what happened while he was incarcerated at MSP or MCC. Accordingly, he is not entitled to summary judgment on Count One of the Third Amended Complaint.

2

Similarly, Thompson is not entitled to the extraordinary remedy of an injunction or restraining order to prevent the future loss of those accommodations afforded to him at Mountain View. Thompson's claim that he is entitled to injunctive relief is entirely speculative and includes no allegations of any kind about Mountain View or its officials. Thompson has failed to meet his burden of showing that he is entitled to the injunctive relief he seeks.

Finally, Thompson's Motion for Sanctions is without merit. The court can find no basis for suggesting that the Defendants did anything wrong by providing discovery of written notes prepared by Ms. Brewer pertaining to a telephone call initiated by Thompson's lawyer in December 2020.

The entry is:

Plaintiff's Motion for Partial Summary Judgment and for a Temporary Restraining Order or Preliminary Injunction dated March 4, 2021 is DENIED.

Plaintiff's Motion for Sanctions dated March 4, 2021 is DENIED.

The clerk is directed to incorporate these orders into the civil docket of this case by notation reference in accordance with M.R.Civ.P. 79(a).

DATED: <u>December 9, 2021</u>

William R. Stokes
Justice, Maine Superior Court

Entered on the docket 12/9/2021

3

MICHAEL THOMPSON - PLAINTIFF
MAINE STATE PRISON 807 CUSHING ROAD
WARREN ME 04864

Attorney for: MICHAEL THOMPSON
VANESSA A BARTLETT - RETAINED
01/16/2018
LAW OFFICE OF VANESSA A BARTLETT
PO BOX 162
PORTLAND ME 04112-0162

Attorney for: MICHAEL THOMPSON
ANDREWS B CAMPBELL - RETAINED
01/16/2018
CAMPBELL LAW
PO BOX 119
BOWDOINHAM ME 04008


v.

JOSEPH FITZPATRICK - DEFENDANT
807 CUSHING ROAD
WARREN ME 04864

Attorney for: JOSEPH FITZPATRICK
JASON THEOBALD - WITHDRAWN 12/18/2018
CURTIS THAXTER LLC
PO BOX 7320
ONE CANAL PLAZA SUITE 1000
PORTLAND ME 04112-7320

Attorney for: JOSEPH FITZPATRICK
JAMES FORTIN - WITHDRAWN 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: JOSEPH FITZPATRICK
JONATHAN R BOLTON - RETAINED
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: JOSEPH FITZPATRICK
ALISA ROSS - RETAINED 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

RANDALL LIBERTY - DEFENDANT
807 CUSHING ROAD
WARREN ME 04864

Attorney for: RANDALL LIBERTY
JASON THEOBALD - WITHDRAWN 12/18/2018
CURTIS THAXTER LLC
PO BOX 7320
ONE CANAL PLAZA SUITE 1000
PORTLAND ME 04112-7320

SUPERIOR COURT
KENNEBEC, ss.
Docket No        AUGSC-CV-2018-00006


DOCKET RECORD

Attorney for: RANDALL LIBERTY
JAMES FORTIN  - WITHDRAWN 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: RANDALL LIBERTY
JONATHAN R BOLTON  - RETAINED
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: RANDALL LIBERTY
ALISA ROSS  - RETAINED 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

TROY ROSS  - DEFENDANT
807 CUSHING ROAD
WARREN ME 04864
Attorney for: TROY ROSS
JASON THEOBALD  - WITHDRAWN 12/18/2018
CURTIS THAXTER LLC
PO BOX 7320
ONE CANAL PLAZA SUITE 1000
PORTLAND ME 04112-7320

Attorney for: TROY ROSS
JAMES FORTIN  - WITHDRAWN 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: TROY ROSS
JONATHAN R BOLTON  - RETAINED
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: TROY ROSS
ALISA ROSS  - RETAINED 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

ROBERT WALDEN  - DEFENDANT
807 CUSHING ROAD
WARREN ME 04864
Attorney for: ROBERT WALDEN
JASON THEOBALD  - WITHDRAWN 12/18/2018
CURTIS THAXTER LLC
PO BOX 7320
ONE CANAL PLAZA SUITE 1000
PORTLAND ME 04112-7320

Attorney for: ROBERT WALDEN
JAMES FORTIN - WITHDRAWN 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: ROBERT WALDEN
JONATHAN R BOLTON - RETAINED
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: ROBERT WALDEN
ALISA ROSS - RETAINED 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

ANTHONY CANTILLO (SUBSTITUTED) - DEFENDANT
807 CUSHING ROAD
WARREN ME 04864

Attorney for: ANTHONY CANTILLO (SUBSTITUTED)
JASON THEOBALD - WITHDRAWN 12/18/2018
CURTIS THAXTER LLC
PO BOX 7320
ONE CANAL PLAZA SUITE 1000
PORTLAND ME 04112-7320

Attorney for: ANTHONY CANTILLO (SUBSTITUTED)
JONATHAN R BOLTON - RETAINED
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: ANTHONY CANTILLO (SUBSTITUTED)
JAMES FORTIN - WITHDRAWN 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: ANTHONY CANTILLO (SUBSTITUTED)
ALISA ROSS - RETAINED 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

DEPARTMENT OF CORRECTIONS - DEFENDANT
807 CUSHING ROAD
WARREN ME 04864

Attorney for: DEPARTMENT OF CORRECTIONS
JASON THEOBALD - WITHDRAWN 12/18/2018
CURTIS THAXTER LLC
PO BOX 7320
ONE CANAL PLAZA SUITE 1000
PORTLAND ME 04112-7320

Attorney for: DEPARTMENT OF CORRECTIONS
JAMES FORTIN - WITHDRAWN 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: DEPARTMENT OF CORRECTIONS
JONATHAN R BOLTON - RETAINED
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: DEPARTMENT OF CORRECTIONS
ALISA ROSS - RETAINED
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

MAINE STATE PRISON - DEFENDANT

Attorney for: MAINE STATE PRISON
JAMES FORTIN - WITHDRAWN 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: MAINE STATE PRISON
JONATHAN R BOLTON - RETAINED
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: MAINE STATE PRISON
ALISA ROSS - RETAINED 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

JOSEPH CHAPLIN - DEFENDANT
100 REEF ROAD
WALDOBORO ME 04572

Attorney for: JOSEPH CHAPLIN
MARTIN RIDGE - RETAINED
BEAGLE STEEVES & RIDGE LLC
10 MOULTON STREET
PORTLAND ME 04101

Attorney for: JOSEPH CHAPLIN
JONATHAN R BOLTON - RETAINED
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

BENJAMIN BEAL (SUBSTITUTED) - DEFENDANT

Attorney for: BENJAMIN BEAL (SUBSTITUTED)
JONATHAN R BOLTON - RETAINED 07/13/2020
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

BENJAMIN BEAL (SUBSTITUTED) - DEFENDANT

Attorney for: BENJAMIN BEAL (SUBSTITUTED)
JAMES FORTIN - WITHDRAWN 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: BENJAMIN BEAL (SUBSTITUTED)
JONATHAN R BOLTON - RETAINED
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: BENJAMIN BEAL (SUBSTITUTED)
ALISA ROSS - RETAINED 07/01/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Filing Document:    COMPLAINT                    Minor Case Type:    GENERAL INJUNCTIVE RELIEF
Filing Date:        01/16/2018

Docket Events:

01/19/2018    FILING DOCUMENT - COMPLAINT FILED  ON 01/16/2018

01/19/2018    Party(s):    MICHAEL THOMPSON
              ATTORNEY - RETAINED ENTERED  ON 01/16/2018
              Plaintiff's Attorney: VANESSA A BARTLETT

01/19/2018    Party(s):    MICHAEL THOMPSON
              ATTORNEY - RETAINED ENTERED  ON 01/16/2018
              Plaintiff's Attorney: ANDREWS B CAMPBELL

02/28/2018    Party(s):    MICHAEL THOMPSON
              SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED  ON 02/28/2018
              Plaintiff's Attorney: ANDREWS B CAMPBELL
              PLAINTIFFS FIRST AMENDED COMPLAINT

03/29/2018    Party(s):    JOSEPH FITZPATRICK,RANDALL LIBERTY,TROY ROSS,ROBERT
                           WALDEN,DEPARTMENT OF CORRECTIONS
              RESPONSIVE PLEADING - ANSWER TO AMENDED PLEADING FILED  ON 03/26/2018
              Defendant's Attorney: JAMES FORTIN

03/29/2018    Party(s):    TROY ROSS
              SUMMONS/SERVICE - CIVIL SUMMONS SERVED  ON 03/05/2018
              TROY ROSS