STATE OF MAINE                                   SUPERIOR COURT
KENNEBEC, SS.                                    CIVIL ACTION
                                                 DOCKET NO. CV-20-91


EYE CARE OF MAINE, P.A.,
        Plaintiff
                                                 **DECISION AND ORDER ON**
        v.                                       **MOTION FOR SUMMARY JUDGMENT**

HELEN BELL-NECEVSKI
        and
LORIE PARKS,
        Defendants


## INTRODUCTION

The matter before the court is the Motion for Summary Judgment filed by
Defendants Helen Bell-Necevski (Bell-Necevski) and Lorie Parks (Parks). The
Plaintiff, Eye Care of Maine, P.A. (ECOM) opposes the motion.

ECOM commenced this action on June 22, 2020, with the filing of a Verified
Complaint and Motion for Preliminary and Permanent Injunction against Bell-
Necevski and Parks, both of whom are optometrists who had been employed at
ECOM (and its predecessor entity, Maine Eye Care Associates {MECA}) for many
years until their termination effective June 30, 2020. Bell-Necevski and Parks were
planning to open their own optometry practice on July 1, 2020, approximately one
mile away from ECOM's place of business in Waterville and in direct competition
with ECOM. ECOM alleges that Bell-Necevski and Parks were, and are, in violation
of their employment contracts, which contained a non-compete provision prohibiting
them from practicing optometry within a 30-mile radius of any ECOM office for a
period of 18 months from the date of termination. Both Bell-Necevsk and Parks

contend that their employment contracts with ECOM were superseded by new contracts signed in 2013 that did not contain a non-competition provision.

On June 26, 2020, the court granted ECOM's request for an expedited hearing on its' motion for a temporary restraining order to prevent Bell-Necevski and Parks from opening their competing optometry practice. The expedited hearing was held remotely on June 30, 2020, and the court issued its order denying the requested TRO the same day.

ECOM's original complaint was brought in two counts, one for breach of contract and the other seeking injunctive relief. Bell-Necevski and Parks filed timely answers to the complaint and each asserted counterclaims against ECOM for breach of contract.

ECOM subsequently moved to amend its complaint to add a second breach of contract count (Count III). That motion was granted without objection on March 11, 2021. Count I of the amended complaint alleges that Bell-Necevski and Parks breached their employment contracts with ECOM by engaging in the practice of optometry in violation of the non-competition clauses in their respective contracts. Count II seeks injunctive relief to enforce the non-compete provision. Count III alleges that Bell-Necevski and Parks breached their employment contracts with ECOM by engaging in conduct, during the terms of their employment, that violated the "duty of loyalty" clauses in their contracts. Bell-Necevski and Parks filed timely amended answers.

On September 2, 2021, Bell-Necevski and Parks moved for summary judgment on all counts of ECOM's amended complaint. ECOM has opposed the motion for summary judgment. The summary judgment record was closed on December 8, 2021, with the filing by Bell-Necevski and Parks of their reply to ECOM's opposition.

2

## LEGAL STANDARD

Summary judgment is appropriate if, based on the parties' statements of material fact and the cited record, there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. M.R. Civ. P. 56(c); *Levine v. R.B.K. Caly Corp.,* 2001 ME 77, ¶ 4, 770 A.2d 653. It follows that to survive a moving party's motion for summary judgment, the non-moving party must establish a prima facie case for each of their claims and set forth specific facts showing there is a genuine issue of material fact. *Key Trust Co. of Maine v. Nasson College,* 1997 ME 145, ¶ 10, 697 A.2d 408; *see also* M.R. Civ. P. 56(e). As the Law Court has recently stated: when a defendant moves for summary judgment, the defendant has the burden of demonstrating "that there is no genuine issue of material fact and that the undisputed facts" entitle the defendant to judgment as a matter of law. *Toto v. Knowles,* 2021 ME 51, ¶ 9. It then becomes the plaintiff's responsibility to make out a prima facie case and show that there are disputed facts. *Id.* A fact is material if it has the potential to affect the outcome of the suit. *Id.* To be considered "genuine," there must be sufficient evidence offered to raise a factual contest requiring a fact finder to choose between competing versions of the truth. *Rainey v. Langden,* 2010 ME 56, ¶ 23, 998 A.2d 342; *Burdzel v. Sobus,* 2000 ME 84, ¶ 6, 750 A.2d 573. Further, this showing "requires more than effusive rhetoric and optimistic surmise." *Hennessy v. City of Melrose,* 194 F.3d 237, 251 (1st Cir. 1999). The Court must ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Carroll v. Xerox Corp.,* 294 F.3d 231, 237 (1st Cir. 2002). "Evidence 'submitted in opposition to summary judgment[] need not be persuasive at that stage,' but it 'must be sufficient to allow a fact-finder to make a factual determination without speculating.'" *Toto v. Knowles,* 2021 ME 51, ¶ 11, citing *and quoting Est. of Smith,* 2013 ME 13, ¶ 18, 60 A.3d 759.

## FACTS

The following facts are drawn from the parties' statements of material fact, viewed in the light most favorable to ECOM as the nonmoving party. *Kurtz & Perry, P.A. v. Emerson*, 2010 ME 107, ¶ 15, 8 A.3d 677. As a preliminary matter, Bell-Necevski and Parks have submitted objections to several of the responses made by ECOM to their statements of material fact. The court will address the objections as necessary in the context of determining what material facts are undisputed, and what material facts have been properly controverted. M.R.Civ.P. 56(h)(4) & (i)(1).

Bell-Necevski is an optometrist who was employed by MECA beginning in 1994. Parks is an optometrist who was employed by MECA beginning in 2000. In 2013, MECA merged with Eye Center of Central Maine and became ECOM. Bell-Necevski and Parks continued to work for ECOM until their terminations in 2020.

Although she does not recall signing an Employment Agreement in 2003, and no signed copy has been produced to the court, Bell-Necevski acknowledges that she worked for MECA "with the understanding I was subject to a non-competition agreement." The unsigned Employment Agreement dated February 1, 2003, and marked Exhibit A to Bell-Necevski's Affidavit, contains several "Whereas" clauses at the beginning of the agreement, one of which states: "WHEREAS, the Corporation has agreed to employ the Doctor subject to the express condition that the Doctor enter into a noncompetition agreement with the Corporation." Paragraph 11(a) of this Employment Agreement of February 1, 2003, provides:

> (a) Doctor's Covenants. As an inducement to cause the Corporation to enter into this Agreement, the Doctor hereby expressly covenants, which covenant is a material provision of this Agreement that in the event the Doctor ceases to be employed by the Corporation for any reason (including, but not limited to, termination by either party with or without

4

cause), either during the term of this Agreement or thereafter, she shall not, for herself or on behalf of any other person, partnership, corporation, association or any other entity, directly or indirectly practice optometry within a radius of thirty (30) miles of any office of the Corporation for a period of eighteen (18) months from the date of termination or dismissal.

Other provisions in paragraph 11 provided for the parties' acknowledgement that the "restrictive covenant" is reasonable and enforceable and established a mechanism for calculating liquidated damages.

Bell-Necevski's unsigned Employment Agreement dated February 1, 2003, also contained a paragraph 8(a), which has been referred to as the "Duty of Loyalty." It states:

(a) Duties and Outside Employment. The Doctor shall devote her full time and best efforts to the performance of her employment duties under this Agreement. During the term of this Agreement, the Doctor shall not at any time or place, either directly or indirectly, whether alone or as a partner, an officer, a director, an employee, or in any other capacity, engage in the practice of optometry or engage in any activity competitive with, or adverse to, the Corporation and all fees and other income arising out of the practice of optometry by the Doctor shall belong to the Corporation, including, without limitation, speaking honoraria, teaching stipends, expert witness fees, consulting fees, supervisory fees, publication royalties, or other payments to the Doctor for the provision during the term of this Agreement of educational, supervisory or professional services arising out of or related to the Doctor's professional status and actions.

A signed Employment Agreement dated February 18, 2003, between MECA and Parks contains a "WHEREAS" clause referring to a noncompetition agreement and paragraphs 11 and 8(a), that are identical to what appears in Bell-Necevski's

5

February 1, 2003 Employment Agreement. The 2003 Employment Agreement for Parks was signed by her and by Ronald Purnell, as the Administrator of MECA.

Mr. Purnell figures prominently in this litigation. There is dispute between the parties as to the exact extent of Purnell's authority to negotiate and execute employment contracts on behalf of MECA and later, ECOM. For example, ECOM has denied that Purnell's job responsibilities as "Practice Administrator" for MECA and ECOM extended "to negotiating or executing contracts with optometrists." (SMF # 16). Nevertheless, ECOM has admitted that Purnell "was authorized to execute and executed all of the employment agreements with optometrists during his employment both before and after the 2013 employment agreements with Dr. Bell-Necevski and Dr. Lorie Parks . . . ." (SMF # 17).

Bell-Necevski and Parks have objected to ECOM's denial of SMF # 16 and argue that it should be deemed admitted (because not properly controverted), given ECOM's admission to SMF # 17. In the court's view, this apparent discrepancy can be explained by considering Dr. Steven Witkin's position that Purnell's authority to negotiate and execute employment agreements with optometrists at MECA and ECOM flowed from the Board of Directors and "[e]very single contract was discussed prior to being presented." (Witkin Depo at 75). In other words, ECOM's position is that Purnell did not have independent authority to negotiate and execute employment contracts but had such authority if approved by the Board. With this understanding, the court overrules the objection to SMF # 16.

It is admitted between the parties that in 2013, Dr. Witkin, as the owner of MECA, was considering bringing into the practice two other doctors, and that he met with Bell-Necevski and asked her opinion of the idea. (SMF # 5). The parties, however, dispute what was said at that meeting. Bell-Necevski contends that she told Dr. Witkin that she was concerned that "she could be terminated and would still be

6

subject to the non-compete agreement." (SMF # 6). ECOM disputes this, maintaining that Bell-Neceski did not have "a strong reaction to it [the merger] one way or the other." (Witkin Depo. at 63). ECOM agrees that Purnell and Bell-Necevski "had a meeting following a meeting related to the merger." Further, ECOM does not dispute that at that meeting, Purnell "expressed concerns about her [Bell-Necevski's] future with the corporation." (SMF # 7). ECOM does dispute, however, that at that meeting with Purnell, Bell-Necevski "raised an issue with the non-compete clause in her contract."

The parties further dispute that Purnell then met with Dr. Witkin and was instructed by him "to remove the non-compete language from the optometrists' employment agreements." (SMF # 8). ECOM, through Witkin, maintains that "[t]his meeting did not occur."

A major point of contention between the parties is what is alleged to have happened next. Bell-Necevski and Parks assert that on September 27, 2013, Purnell presented each of them with a new employment agreement, in which the noncompetition provision (¶ 11) had been removed, telling each of them that Dr. Witkin had directed him to remove that section of the prior employment contract. Bell-Necevski and Parks signed their respective agreements as did Purnell as MECA's Administrator. Bell-Necevski and Parks assert that they "believed Ron Purnell was authorized to sign the employment agreement[s] on behalf of MECA." (SMF Nos. 9, 10 & 11).

ECOM responded to these assertions by first acknowledging that the employment agreements are dated September 27, 2013, and bear the signatures of Bell-Necevski, Parks and Purnell. But ECOM denies that the 2013 agreements were "actually executed" on September 27, 2013. In support of this opposition statement ECOM cites an incident that took place in the middle of November 2013, when

7

ECOM's attorney, Norman Belanger, Esq., requested Purnell to provide him with a "recent" employment contract for an optometrist. ECOM contends that the email communications between the two men can be read as showing that Purnell referred to the employment contracts for Bell-Necevski and Parks that contained the noncompetition provision, rather than the most recent contracts allegedly executed on September 27, 2013.

In addition, ECOM points to the deposition testimony of Arthur Geary, who joined ECOM in April 2020 as its CEO, and who described searching for the 2013 employment agreements while Purnell was on vacation and not being able to find them where they should have been kept. ECOM alleges: "The 2013 Employment Agreements appeared mysteriously several days after they were requested."

ECOM further asserts that Purnell testified that the 2013 employment agreements would have been uploaded around the time they were signed in 2013, but according to Geary and Witkin on behalf of ECOM, the actual uploading of the documents did not occur until June 30, 2016, and February 11, 2020. ECOM denies that the 2013 employment agreements, signed by Purnell, Bell-Necevski and Parks, "were drafted by MECA, authorized by MECA, or were done with MECA's knowledge."

With respect to the assertions in SMF Nos. 9 and 10 that Bell-Necevski and Parks "believed Ron Purnell was authorized to sign the employment agreement[s] on behalf of MECA," ECOM has objected on the ground that it "draws a legal conclusion related to the actual or apparent authority of Ron Purnell to sign employment agreement on behalf of Plaintiff [MECA/ECOM]." Bell-Necevski and Parks, for their part, have objected to ECOM's response to SMF Nos. 9 and 10 on the basis that whether they believed Purnell had the authority to execute their 2013

8

agreements is not a legal conclusion, but is a factual assertion that must be treated as admitted because it has not been properly controverted.

The court is not convinced that the statement that Bell-Necevski and Parks believed Purnell was authorized to sign the 2013 agreements with them on behalf of MECA/ECOM is a legal conclusion as opposed to a statement of fact. The difficulty with such a statement, of course, is that it purports to reflect a person's state of mind at a particular point in time in the past and direct evidence to dispute that state of mind rarely exists. What ECOM has sought to do is challenge the legitimacy of the 2013 agreements by pointing to circumstantial evidence intended to dispute the veracity and reliability of their creation and, indirectly, to raise a question of fact as to whether Bell-Necevski and Parks actually or honestly believed that Purnell was authorized to act as he did.

The court overrules the objection of Bell-Necevski and Parks that ECOM has not properly controverted SMF Nos. 9 and 10. The circumstances surrounding the creation and execution of the 2013 employment agreements are, for all practical purposes, the only way ECOM can controvert those statements of belief on the part of Bell-Necevski and Parks.

It is undisputed that the 2013 employment agreements, like the 2003 agreements, contain: (1) the "WHEREAS" clause referring to a non-competition agreement as an "express condition" of the employment contract, and (2) the duty of loyalty provision, which appears in the 2013 agreements as ¶ 6. It is also undisputed that Bell-Necevski and Parks continued to be employed as optometrists with ECOM until June 30, 2020. On July 1, 2020, Bell-Necevski and Parks opened an optometry practice, Maine Eye Doctors, in Waterville, approximately 1 mile from ECOM's office.

There are numerous disputes between the parties, and numerous objections as well by Bell-Necevski and Parks, focusing on the alleged conduct of Bell-Necevski and Parks during the last 3 or 4 months of their employment with ECOM. Those disputes are directed at whether Bell-Necevski and Parks violated the duty of loyalty provision in their employment contracts, either the 2003 or the 2013 agreements.

## DISCUSSION

Bell-Necevski and Parks contend that they are entitled to summary judgment on Count I of the Amended Complaint because Ron Purnell, as the Practice Administrator of MECA/ECOM, had, at the very least, "apparent authority" to execute the 2013 employment agreements from which the noncompetition provisions had been deleted. As applied to this case, the law of apparent authority is described below.

> A claim of apparent authority is proved by the following elements: "(1) [MECA/ECOM] either intentionally or negligently held out a person [Purnell] as [its] agent, (2) [Bell-Necevski and Parks] did in fact believe [Purnell] to be an agent of [MECA/ECOM], (3) [Bell-Necevski and Parks] relied on [MECA/ECOM's] manifestation of agency, and (4) [Bell-Necevski's and Parks's] reliance was justifiable." Apparent authority is authority that, although not actually granted, the principal knowingly permits the agent to exercise or that the principal holds the agent out as possessing. Apparent authority exists only when the conduct of the principal leads a third party to believe that a given party is the principal's agent.

*Remmes v. Mark Travel Corp.*, 2015 ME 63, ¶ 22, 116 A.3d 466 (citations omitted).

It has also been held that "[w]hether an agency relationship exists is generally a question of fact . . . ." *Steelstone Indus. v. North Ridge Ltd. Pshp.*, 1999 ME 132, ¶ 12, 735 A.2d 980. Similarly, "[t]he existence and extent of apparent authority and the reliance thereon, are facts to be determined . . . by a jury . . . ." *MacQuinn v. Patterson*, 147 Me. 196, 85 A.2d 183, 203 (1951).

10

The court concludes that summary judgment is not proper as to Count I because there remain genuine issues of material fact in dispute. These include what Dr. Witkin did "by written or spoken words or any other conduct" which, "reasonably interpreted," caused Bell-Necevski and Parks to believe that Witkin had consented to having Purnell alter the 2013 employment agreements to remove the noncompetition language. *Steelstone Indus. v. North Ridge Ltd. Pshp.,* 1999 ME 132, ¶ 13, *quoting* RESTATEMENT (SECOND) OF AGENCY § 27 (1958). Witkin has denied discussing this issue with either Bell-Necevski or Purnell. The circumstances of the creation of the 2013 agreements raise issues of fact that a jury must decide, not the court by way of summary judgment.

Regarding Count III and the claim that Bell-Necevski and Parks violated the duty of loyalty during their terms of employment with ECOM, it strikes the court that it cannot make a finding, as a matter of law, whether the actions of Bell-Necevski and Parks were merely in preparation to compete once their employment ended, or whether their actions and the surrounding circumstances crossed a line and were "adverse" to their employer, ECOM, within the meaning of the employment agreements. There is evidence in the summary judgment record that Bell-Necevski and Parks were making plans to open their competing practice once their employment with ECOM ended on June 30, 2020. This included incorporation of a business, applying for a national provider identity number, acquiring real estate for the business, meeting with one of ECOM's competitors to potentially purchase the practice and, purchasing supplies, furniture, and frames. There are also factual allegations raised by ECOM that Bell-Necevski and Parks met with employees of ECOM and communicated with patients of ECOM during this period. ECOM has alleged that impermissible solicitation of ECOM's patients and employees was taking place while Bell-Necevski and Parks were still employed at ECOM. Bell-Necevski and Parks have denied those allegations and contend that no solicitation of employees

11

or patients took place, and that any communications with either patients or employees were not initialed by them. In the court's view, this illustrates that there is a factual dispute that cannot and should not be resolved on summary judgment, particularly since the meaning of the "duty of loyalty" provision in either the 2003 or 2013 employment agreements may be viewed as ambiguous and, thus, a question of fact.

## CONCLUSION

The entry is:

The Defendants' Motion for Summary Judgment is DENIED.

The clerk is directed to incorporate these orders into the civil docket of this case by notation reference in accordance with M.R.Civ.P. 79(a).


DATED: February 2, 2022

William R. Stokes
Justice, Maine Superior Court

```
EYECARE OF MAINE PA - PLAINTIFF                          SUPERIOR COURT
325-A KENNEDY MEMORIAL DRIVE                             KENNEBEC, ss.
WATERVILLE ME 04901                                      Docket No  AUGSC-CV-2020-00091
Attorney for: EYECARE OF MAINE PA
WALTER MCKEE  - RETAINED
MCKEE LAW LLC PA                                         DOCKET RECORD
133 STATE STREET
AUGUSTA ME 04330


vs
HELEN BELL NECEVSKI  - DEFENDANT

Attorney for: HELEN BELL NECEVSKI
WILLIAM LEE  - RETAINED
O'DONNELL & LEE LLC
112 SILVER STREET
PO BOX 559
WATERVILLE ME 04903-0559


LORIE PARKS  - DEFENDANT

Attorney for: LORIE PARKS
ROGER KATZ  - RETAINED
LIPMAN, KATZ & BOSTON LLC
PO BOX 815
AUGUSTA ME 04332



Filing Document: COMPLAINT                   Minor Case Type: CONTRACT
Filing Date: 06/22/2020
```

## Docket Events:

```
06/22/2020 FILING DOCUMENT - COMPLAINT FILED ON 06/22/2020

06/22/2020 Party(s):  EYECARE OF MAINE PA
           ATTORNEY - RETAINED ENTERED ON 06/22/2020
           Plaintiff's Attorney: WALTER MCKEE

06/22/2020 Party(s):  EYECARE OF MAINE PA
           MOTION - TEMP RESTRAINING ORDER FILED ON 06/22/2020
           Plaintiff's Attorney:  WALTER MCKEE
           WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING

06/22/2020 Party(s):  EYECARE OF MAINE PA
           OTHER FILING - REQUEST FOR HEARING FILED ON 06/22/2020
           Plaintiff's Attorney:  WALTER MCKEE
           FOR EMERGENCY HEARING ON MOTION FOR TEMPORARY RESTRAINING ORDER

06/30/2020 Party(s):  EYECARE OF MAINE PA
           OTHER FILING - AFFIDAVIT FILED ON 06/26/2020
           AFFIDAVIT OF STEVE WITKIN

06/30/2020 Party(s):  EYECARE OF MAINE PA
           OTHER FILING - AFFIDAVIT FILED ON 06/26/2020
           Plaintiff's Attorney:  WALTER MCKEE
```

AFFIDAVIT OF ARTHUR GEARY

06/30/2020 Party(s):  HELEN BELL NECEVSKI
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 06/26/2020
           HELEN BELL NECEVSKI

06/30/2020 Party(s):  HELEN BELL NECEVSKI
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 06/29/2020

06/30/2020 Party(s):  LORIE PARKS
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 06/23/2020
           LORIE PARKS

06/30/2020 Party(s):  LORIE PARKS
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 06/29/2020

06/30/2020 Party(s):  LORIE PARKS
           OTHER FILING - ENTRY OF APPEARANCE FILED ON 06/29/2020
           Plaintiff's Attorney:  ROGER KATZ

06/30/2020 Party(s):  LORIE PARKS
           ATTORNEY - RETAINED ENTERED ON 06/29/2020
           Defendant's Attorney: ROGER KATZ

06/30/2020 Party(s):  LORIE PARKS
           OTHER FILING - AFFIDAVIT FILED ON 06/29/2020
           Defendant's Attorney: ROGER KATZ
           AFFIDAVIT OF LORIE PARKS                                      WITH EXHIBITS
           A-E

06/30/2020 Party(s):  HELEN BELL NECEVSKI
           OTHER FILING - OPPOSING MEMORANDUM FILED ON 06/29/2020
           RESPONSE TO PLTFS MOTION FOR TEMPORARY RESTRAINING ORDER      WITH AFFIDAVIT
           OF RONALD PURNELL AND HELEN BELL-NECEVSKI

06/30/2020 Party(s):  EYECARE OF MAINE PA
           OTHER FILING - REPLY MEMORANDUM FILED ON 06/30/2020
           Plaintiff's Attorney:  WALTER MCKEE
           REPLY TO DEFTS OPPOSITION TO MOTION FOR TRO

06/30/2020 Party(s):  HELEN BELL NECEVSKI
           ATTORNEY - RETAINED ENTERED ON 06/28/2020
           Defendant's Attorney: WILLIAM LEE

06/30/2020 Party(s):  EYECARE OF MAINE PA
           MOTION - TEMP RESTRAINING ORDER DENIED ON 06/30/2020
           WILLIAM  STOKES , JUSTICE
           COPIES TO PARTIES/COUNSEL

07/15/2020 Party(s):  HELEN BELL NECEVSKI
           RESPONSIVE PLEADING - ANSWER & COUNTERCLAIM FILED ON 07/15/2020
           Defendant's Attorney: WILLIAM LEE

07/21/2020 Party(s):  LORIE PARKS
RESPONSIVE PLEADING - ANSWER & COUNTERCLAIM FILED ON 07/16/2020
Defendant's Attorney: ROGER KATZ

08/03/2020 ORDER - SCHEDULING ORDER ENTERED ON 08/03/2020
WILLIAM  STOKES , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL

08/03/2020 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 04/03/2021

08/03/2020 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 08/03/2020
WILLIAM  STOKES , JUSTICE

10/09/2020 Party(s):  EYECARE OF MAINE PA
ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 10/08/2020
Plaintiff's Attorney:  WALTER MCKEE
MEDIATION WILL BE WITH JERROLL CROUTER ON 12/3/20

11/10/2020 Party(s):  LORIE PARKS
OTHER FILING - OTHER DOCUMENT FILED ON 11/09/2020
Defendant's Attorney: ROGER KATZ
NOTICE TO TAKE ORAL DEPOSITION OF STEVEN WITKIN MD

12/14/2020 Party(s):  EYECARE OF MAINE PA
ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 12/07/2020
Plaintiff's Attorney:  WALTER MCKEE
MEDIATION HAS BEEN RESCHEDULED TO 1/22/21 WITH JERROLL CROUTER

12/16/2020 Party(s):  EYECARE OF MAINE PA
MOTION - MOTION TO AMEND PLEADING FILED ON 12/14/2020
Plaintiff's Attorney:  WALTER MCKEE
TO AMEND ANSWER TO COUNTERCLAIM

12/16/2020 Party(s):  EYECARE OF MAINE PA
MOTION - MOTION TO AMEND PLEADING FILED ON 12/14/2020
Plaintiff's Attorney:  WALTER MCKEE
TO AMEND COMPLAINT

01/04/2021 Party(s):  HELEN BELL NECEVSKI,LORIE PARKS
OTHER FILING - OTHER DOCUMENT FILED ON 12/28/2020
Defendant's Attorney: ROGER KATZ
OBJECTIONS TO INSPECTION OR COPYING OF DOCUMENTS

01/04/2021 Party(s):  HELEN BELL NECEVSKI
OTHER FILING - OPPOSING MEMORANDUM FILED ON 01/04/2021
Defendant's Attorney: WILLIAM LEE
RESPONSE TO PLTFS MOTION TO AMEND COMPLAINT AND ANSWER TO COUNTERCLAIM    WITH AFFIDAVIT
AND EXHIBITS

01/25/2021 Party(s):  LORIE PARKS
OTHER FILING - REPLY MEMORANDUM FILED ON 01/11/2021
Defendant's Attorney: ROGER KATZ

RESPONSE FOR PLTFS MOTION TO AMEND COMPLAINT AND AMEND ANSWER TO COUNTER    CLAIM
DEFT LORI PARKS ADOPTS IN FULL
THE RESPONSE OF DEFT HELEN BELL-NECEGVSKI    TO PLTFS MOTION TO AMEND COMPLAINT AND TO
AMEND ANSWER TO COUNTERCLAIM

01/25/2021 Party(s):  EYECARE OF MAINE PA
           OTHER FILING - REPLY MEMORANDUM FILED ON 01/13/2021
           Plaintiff's Attorney:  WALTER MCKEE
           PLTFS REPLY TO DEFTS OBJECTION TO MOTION TO AMEND COMPLAINT AND AMEND    ANSWER TO
           COUNTERCLAIM

02/12/2021 ORDER - REPORT OF ADR CONF/ORDER FILED ON 02/11/2021
           WILLIAM  STOKES , JUSTICE

02/12/2021 ORDER - REPORT OF ADR CONF/ORDER UNRESOLVED ON 01/22/2021

02/12/2021 ORDER - REPORT OF ADR CONF/ORDER ENTERED ON 02/12/2021
           WILLIAM  STOKES , JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL

03/02/2021 Party(s):  HELEN BELL NECEVSKI
           MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 02/25/2021
           Defendant's Attorney: WILLIAM LEE
           TO ENLARGE DISCOVERY DEADLINE

03/15/2021 Party(s):  HELEN BELL NECEVSKI
           MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 03/02/2021
           WILLIAM  STOKES , JUSTICE
           COPIES TO PARTIES/COUNSEL                                    DISCOVERY
           DEADLINE EXTENDED BY 90 DAYS

03/15/2021 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 06/02/2021

03/15/2021 Party(s):  EYECARE OF MAINE PA
           MOTION - MOTION TO AMEND PLEADING GRANTED ON 03/11/2021
           WILLIAM  STOKES , JUSTICE
           COPIES TO PARTIES/COUNSEL

03/15/2021 Party(s):  EYECARE OF MAINE PA
           MOTION - MOTION TO AMEND PLEADING GRANTED ON 03/11/2021
           WILLIAM  STOKES , JUSTICE
           COPIES TO PARTIES/COUNSEL

03/15/2021 Party(s):  EYECARE OF MAINE PA
           RESPONSIVE PLEADING - REPLY/ANSWER TO COUNTERCLAIM AMENDED ON 12/14/2020
           Plaintiff's Attorney:  WALTER MCKEE

03/15/2021 Party(s):  EYECARE OF MAINE PA
           SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 12/14/2020

04/05/2021 Party(s):  HELEN BELL NECEVSKI
           RESPONSIVE PLEADING - ANSWER TO AMENDED PLEADING FILED ON 04/01/2021

Defendant's Attorney: WILLIAM LEE

04/05/2021 Party(s):  LORIE PARKS
          RESPONSIVE PLEADING - ANSWER TO AMENDED PLEADING FILED ON 04/01/2021
          Defendant's Attorney: ROGER KATZ

04/26/2021 Party(s):  EYECARE OF MAINE PA
          OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 04/23/2021

04/26/2021 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 04/23/2021

05/24/2021 Party(s):  HELEN BELL NECEVSKI
          MOTION - MOTION EXTEND DISCOVERY FILED ON 05/24/2021
          Defendant's Attorney: WILLIAM LEE
          WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING

05/25/2021 Party(s):  HELEN BELL NECEVSKI
          MOTION - MOTION EXTEND DISCOVERY GRANTED ON 05/24/2021
          WILLIAM  STOKES , JUSTICE
          COPIES TO PARTIES/COUNSEL

05/25/2021 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 08/27/2021

06/16/2021 Party(s):  EYECARE OF MAINE PA
          DISCOVERY FILING - RULE 26(G) LETTER FILED ON 06/11/2021

09/08/2021 Party(s):  HELEN BELL NECEVSKI,LORIE PARKS
          MOTION - MOTION SUMMARY JUDGMENT FILED ON 09/02/2021
          Defendant's Attorney: WILLIAM LEE
          WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING          WITH NUMEROUS
          AFFIDAVITS AND TRANSCRIPTS

09/15/2021 Party(s):  HELEN BELL NECEVSKI
          OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 09/13/2021
          Defendant's Attorney: WILLIAM LEE

09/15/2021 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 09/13/2021

09/27/2021 Party(s):  LORIE PARKS
          OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 09/17/2021
          Defendant's Attorney: ROGER KATZ

09/27/2021 Party(s):  EYECARE OF MAINE PA
          MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 09/20/2021
          Plaintiff's Attorney:  WALTER MCKEE
          TO ENLARGE TIME TO RESPOND TO MOTION FOR SJ

09/28/2021 Party(s):  EYECARE OF MAINE PA
          MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 09/27/2021
          WILLIAM  STOKES , JUSTICE
          COPIES TO PARTIES/COUNSEL                                      PLTFS SHALL
          RESPOND TO MOTION FOR SUMMARY JUDGMENT ON OR BEFORE 11/1/21

11/03/2021 Party(s):  EYECARE OF MAINE PA
         OTHER FILING - OPPOSING MEMORANDUM FILED ON 11/01/2021
         Plaintiff's Attorney:  WALTER MCKEE
         OPPOSITION TO DEFTS MOTION FOR SUMMARY JUDGMENT                    PLTF OPPOSING
         AND ADDITIONAL STATEMENT OF MATERIAL FACTS              AFFIDAVIT OF WALT MCKEE AND
         NORMAN BELANGER                            AND FOUR TRANSCRIPTS

11/29/2021 Party(s):  HELEN BELL NECEVSKI
         MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 11/08/2021
         Defendant's Attorney: WILLIAM LEE
         TO ENLARGE TIME TO RESPOND TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

11/29/2021 Party(s):  EYECARE OF MAINE PA
         LETTER - FROM PARTY FILED ON 11/22/2021
         Plaintiff's Attorney:  WALTER MCKEE
         LETTER REGARDING DISCOVERY CONFERENCE HELD WITH THE COURT

11/29/2021 Party(s):  HELEN BELL NECEVSKI
         MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 11/29/2021
         WILLIAM  STOKES , JUSTICE
         COPIES TO PARTIES/COUNSEL                                   DEFTS REPLY TO
         PLTFS OPPOSITION TO MOTION FOR SJ IS EXTENDED TO MONDAY     DECEMBER 6TH 2021

12/09/2021 Party(s):  HELEN BELL NECEVSKI
         MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 12/03/2021
         WILLIAM  STOKES , JUSTICE
         Defendant's Attorney: WILLIAM LEE
         UNOPPOSED MOTION TO EXTEND TIME TO RESPOND TO DISCOVERY DISPUTE.    TIME TO RESPOND
         TO DISCOVERY DISPUTE IS EXTENDED TO 12/13/21

12/09/2021 Party(s):  EYECARE OF MAINE PA
         OTHER FILING - REPLY MEMORANDUM FILED ON 12/08/2021
         Defendant's Attorney: WILLIAM LEE
         DEFTS REPLY TO PLTFS OPPOSITION TO DEFTS MOTION FOR SJ

12/10/2021 Party(s):  HELEN BELL NECEVSKI
         MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 12/09/2021
         WILLIAM  STOKES , JUSTICE
         COPIES TO PARTIES/COUNSEL                                   SEE ORDER

12/13/2021 Party(s):  HELEN BELL NECEVSKI,LORIE PARKS
         OTHER FILING - REPLY MEMORANDUM FILED ON 12/13/2021
         DEFTS REPLY TO PLTFS LETTER DATED 11/22/21 ADDRESSING DISCOVERY DISPUTES   ARISING OUT OF
         10/29/21 DISCOVERY CONFERENCE

02/03/2022 HEARING - 26(G) CONFERENCE HELD ON 10/29/2021

02/03/2022 ORDER - 26(G) ORDER ENTERED ON 02/02/2022
         WILLIAM  STOKES , JUSTICE
         ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
         PARTIES/COUNSEL

02/03/2022 Party(s):  HELEN BELL NECEVSKI,LORIE PARKS

MOTION - MOTION SUMMARY JUDGMENT DENIED ON 02/02/2022
WILLIAM STOKES , JUSTICE
COPIES TO PARTIES/COUNSEL

02/03/2022 ORDER - COURT ORDER ENTERED ON 02/02/2022
WILLIAM STOKES , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

IS DENIED.

02/03/2022 ORDER - COURT ORDER COPY TO REPOSITORIES ON 02/03/2022

## Receipts

| | | | |
|---|---|---|---|
| 06/22/2020 | Misc Fee Payments | $25.00 | paid. |
| 06/22/2020 | Misc Fee Payments | $150.00 | paid. |
| 03/02/2021 | Misc Fee Payments | $300.00 | paid. |
| 09/08/2021 | Misc Fee Payments | $25.00 | paid. |
| 09/08/2021 | Misc Fee Payments | $200.00 | paid. |

A TRUE COPY
ATTEST: _____
Clerk